THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FISHER-BEER Co., INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX GOLDEN, Appellant.— Defendants appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens [County of Queens], convicting them of a violation of section 188 of the Agriculture and Markets Law and fining the corporate defendant $500, and fining the individual defendant $500 or, in default thereof, directing that he be committed to the City prison for 100 days and, in addition, sentencing him to the Workhouse for a term of 60 days, the execution of the latter sentence being suspended during such defendant's good behavior. Judgment modified on the law by decreasing the fine imposed on each defendant to $200; and, in addition, as to the individual defendant, by striking out the provision sentencing him to serve 60 days in the Workhouse. As thus modified, the judgment is unanimously affirmed. The guilt of both defendants was clearly established. While the maximum fine which may be imposed for a violation of section 2411 of the Penal Law is $500 (Penal Law, § 1937), the defendants were not charged with violating that statute but with violating section 188 of the Agriculture and Markets Law. The maximum fine which may be imposed for a violation of that statute is $200. (Agriculture and Markets Law, § 41.) Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN B. KEPNER, Appellant.— Judgment of the County Court, Kings County, convicting appellant of the crime of criminally receiving stolen goods and sentencing him to a State prison for not less than ten nor more than twenty years, reversed on the law and a new trial ordered. Appeal from orders dismissed. Had defendant received a fair trial the evidence, if credited, would have warranted his conviction. Here his right to such a trial has been infringed, not in respect of mere technicalities but in substantial matters. His counsel was hampered and embarrassed; his case was weakened by repeated comments of the court detrimental to him; and the prejudicial statement of the prosecutor was not corrected. These errors, without reference to others, made impossible an impartial consideration of the case by the jury. Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ., concur.