Desmond, J.
Plaintiff, a Pennsylvania corporation, operates as an authorized interstate motor common carrier in the use of truck-tractors and trailers to transport new automobiles, chassis and parts from Buffalo and Detroit to various places in *387 the States of New York, New Jersey and Pennsylvania. It brings this suit against the City of New York for a judgment to declare that a “ Tax on Motor Vehicles ” imposed by the city (Local Laws, 1952, No. 59 of City of New York; Administrative Code of City of New York, ch. 46, tit. E) is in terms inapplicable to plaintiff’s use in New York City of plaintiff’s motor trucks or, if applicable in terms, is a violation of section 8 of article I of the United States Constitution as an undue burden upon interstate commerce. The complaint demands also the return to plaintiff of auto use taxes it has heretofore paid the city under alleged duress of assessments, penalties, etc.
The trial resulted in a judgment “ that plaintiff is subject to the tax on the use of motor vehicles imposed by the .City of New York under Local Law of the City of New York No. 59 of 1952, as amended ’ ’ and that plaintiff is not entitled to recover back any taxes it has heretofore paid pursuant to said local law. Both courts below were of the opinion that the tax applied to the operation of plaintiff’s vehicles in New York City and that such an application was not unconstitutional. But, as we see it, we need not and should not reach any constitutional question. We think that on the undisputed facts as to plaintiff’s use of its trucks, the local law’s language does not cover that use.
In 1947 the Legislature adopted an enabling act (L. 1947, ch. 278) which empowered the counties and cities of the State to impose any or all of -a number of described taxes, including: “ (g) Taxes on the use of passenger motor vehicles of a type commonly used for non-commercial purposes owned by residents of the county at a rate per annum for each such vehicle of not in excess of five dollars if such vehicle weighs thirty-five hundred pounds or less and not in excess of ten dollars per annum if such vehicle weighs more than thirty-five hundred pounds; and taxes on the use of trucks, buses and other such commercial motor vehicles used principally in connection with a business carried on within the county, except when owned and used in connection with the operation of a farm by the owner or tenant thereof, at a rate per annum for each such vehicle of not in excess of ten dollars.” (§1, subd. [f], renum. subd. [g] by L. 1948, ch. 651, and amd. by L. 1950, ch. 589.) Pursuant to that State-granted permission, the City of New York by its Local Law No. 59 of 1952 (Administrative Code of *388 City of New York, ck. 46, tit. E, § E46-2.0) imposed a tax on motor)vehicles as follows: “1. On the use of non-commercial vehicles, fiye dollars per annum for each such vehicle weighing thirty-jive hundred pounds or less, and ten dollars per annum for each such vehicle weighing more than thirty-five hundred pounds. -2. On the use of commercial vehicles, ten dollars per annum for each such vehicle.” Other parts of the Local Law defined “ Use ” as “ Any use of a motor vehicle upon the public highways or streets of the city ’ ’ and defined ‘ ‘ Commercial vehicle ” on the same terms as used in the State enabling act, i:e., ‘ ‘ motor vehicles * # * used principally in connection with a business carried on within the city ” (see Administrative Code, § E46-1.0). Our problems, then, as to applicability or no of .the local statute to plaintiff’s cars are these: what is meant by “ used principally in connection with a business carried on within the city ”, and are plaintiff’s vehicles so used?
First,' we summarize the undisputed testimony as to the way pláintiff does business-. It is a Pennsylvania corporation but New York City (Queens County) is the site of its executive office where its principal officers, its several clerical employees and its corporate records are found and where its corporate meetings are held. Plaintiff’s fleet of trucks and trailers is garaged at and dispatched from Clarks Summit, Pennsylvania. Plaintiff has one chief customer, Chrysler Corporation, manufacturer of automobiles and parts. Plaintiff’s only business is transporting Chrysler products (usually new cars, four to a trailer) to Chrysler dealers in New York, New Jersey and Pennsylvania. There are no ‘ ‘ return loads ’ ’. In summer when the Great Lakes are open for navigation, plaintiff freights out of Buffalo automobiles brought there by Great Lakes steamships'. During the winter months the new automobiles are picked up by plaintiff at Detroit instead of Buffalo. During those respective seasons plaintiff has small offices at Buffalo and Detroit, whence bills are sent for payment at plaintiff’s New York City office. The physical operation of plaintiff’s vehicles is . directed jfrom. the Clarks Summit -facility wherein they are dispatched, empty, to Buffalo or Detroit and whither they return after trips, sometimes stopping off at Clarks Summit eh route from Buffalo with loads. Plaintiff has some 50 to 75 consignees in New York City but no shipper-customers there. About 65% (néarly a million dollars annually) of its income *389 is received for delivery of automobiles to dealers iu New York City but its transportation charges are based on mileage and 95% or more of its total mileage is outside New York City. Plaintiff owns about 120 automobile-carrying tractors and on any weekday as many as 20 to 25 of them come into New York City. A movement from Buffalo to New York City usually consumes about 14 hours, including 2 hours from arrival at the city line to completion of unloading. Usually the arrival in New York City is timed for early morning and plaintiff’s vehicles leave the city immediately after being unloaded.
Are plaintiff’s trucks and trailers, then, “ used principally in connection with a business carried on within the city? ” We think not. Of course, plaintiff carries on part of its business in New York City and has its office there and its vehicles are used not merely “principally” but solely in connection with that business. But in sense and reason the word “principally” should be read as pointing to trucks whose principal use is in the conduct of a business local to New York City. All commercial vehicles are by definition used “principally” for business. The legislative intent here must have been to tax trucks of a business which is itself carried on principally in New York City. In the enabling act (supra) the authorized taxes on passenger cars and on trucks are described in the same sentence. The authorization is for taxation of the ‘ ‘ use of passenger motor vehicles * * * owned by residents of the county (city) as to commercial motor vehicles the coverage is as to those ‘ ‘ used principally in connection with a business carried on within the county (city) ”. In each instance, we hold, the purpose was to allow the county or city to impose an extra tax on the use of automobiles which could reasonably be considered to be used principally in that county or city. Surely, New York City, one of the termini of plaintiff’s 400-mile trips, is not the place where its interstate business is “ principally ” carried on. The State, licensing the local governments to impose certain new. taxes for their local needs, may not be charged with an intent to tax every commercial vehicle used in a business, any part of which is carried on in that county or city.
There is another highly practical reason for concluding that the Legislature intended to authorize local taxation on the use of those commercial vehicles only which did most of their traveling on that locality’s highways. If that were not the Legis *390 lature’s meaning’, it would be making possible the taxation of vehicles like plaintiff’s in all the State’s counties and cities through which they pass. Binghamton at one time imposed such a use tax but repealed it (see Local Laws, 1948, No. 7, and 1949, No. 7 of City of Binghamton). Plaintiff’s “ business ” of carrying new automobiles is “ carried on” just as “ principally ’ ’ in Buffalo and perhaps elsewhere in the State as it is in New York City. We do not suggest that such multiple taxation would be illegal (see Aero Tr. Co. v. Commissioners, 332 U. S. 495, 501, 502). But, especially in view of the State taxing policy as to automobiles expressed in section 54 of the Vehicle and Traffic Law, and considering that these trucks are already subject to State license taxes and weight-mile taxes (Tax Law, art. 21), it is highly unlikely that the Legislature intended to expose them to the possibility of numerous local taxes also.
This plaintiff is entitled to the benefit of the rule that tax laws of uncertain coverage are to be construed in favor of the taxpayer (Matter of Good Humor Corp. v. McGoldrick, 289 N. Y. 452).
The judgment appealed from should be reversed, with costs in all courts, and the case remitted to Special Term for the entry of a judgment in accordance herewith.
Conway, Ch. J., Dye, Fuld, Froessel and Van Voorhis, JJ., concur; Burke, J., taking no part.
Judgment of Appellate Division reversed, with costs in all courts, and matter remitted to Special Term for further proceedings in accordance with the opinion herein.