Per Curiam.
 

 The corporate appellant has been found to have violated subdivision 4 of section 193 of the Agriculture and Markets Law,
 
 *
 
 upon its plea of guilty, in that it inaccurately weighed packaged meat and fish products being offered for sale in its store located in Eastchester, New York. For such violation, the Court of Special Sessions imposed a fine of $1,000 pursuant to the provisions of section 80.10 of the Penal Law. Upon appeal to the Appellate Term, Ninth and Tenth Judicial Districts, the imposition of the fine was upheld.
 

 The sole question presented is whether a corporate defendant, upon a conviction for having violated the provisions of the Agriculture and Markets Law may be fined in accordance with the provisions of the Penal Law (§ 80.10) or whether the penalty to be imposed is governed by section 41 of the Agriculture and Markets Law.
 

 We hold that the determinations below were correctly made.
 

 Section 41 of the Agriculture and Markets Law provides, in pertinent part, as follows:
 
 "Except as otherwise provided by the penal law, a
 
 person who by himself or another violates any of the provisions of this chapter or of any other law the
 
 *347
 
 enforcement of which is within the jurisdiction of the department, is guilty of a misdemeanor, and upon conviction shall, except as otherwise provided in this chapter, be punished by a fine of not less than twenty-five dollars, nor more than two hundred dollars” (emphasis supplied).
 

 Subdivision 1 of section 80.10 of the Penal Law provides, in pertinent part, that:
 

 "A sentence to pay a fine, when imposed on a corporation for an offense defined in this chapter or for an offense defined outside this chapter
 
 for which no special corporate fine is speciñed,
 
 shall be a sentence to pay an amount, fixed by the court, not exceeding:
 

 * * *
 

 "(b) Five thousand dollars, when the conviction is of a class A misdemeanor or of an unclassified misdemeanor” (emphasis supplied).
 

 The appellant argues that the term "person”, as it is used in section 41 of the Agriculture and Markets Law, includes a corporation, and that the maximum fine for a corporate violation of the provisions of the Agriculture and Markets Law is $200. However, even if we were to accept appellant’s argument that section 41 of the Agriculture and Markets Law is applicable to a corporation, subdivision 1 of section 80.10 of the Penal Law is nevertheless controlling since the Agriculture and Markets Law does not provide for a
 
 special
 
 corporate fine for a violation of its terms. That being the case, and since subdivision 1 of section 80.10 of the Penal Law is directly applicable to corporate offenses defined outside the Penal Law for which no special fine is specified, the Court of Special Sessions was authorized to sentence the appellant to pay a fine not exceeding $5,000.
 

 Appellant’s reliance on the case of
 
 People v Fisher-Beer Co.
 
 (267 App Div 838 ) is unavailing. That case was decided prior to the 1967 enactment of section 80.10 of the Penal Law. Since the penal statute involved in that case, former section 1937 of the Penal Law, did not refer to the violation of any law other than the Penal Law, it was not applicable to a corporate violation of the Agriculture and Markets Law. With the enactment of section 80.10 of the Penal Law, the Legislature enunciated a definite penalty for corporate violations when the statute that has been violated does not specify a special corporate fine.
 

 
 *348
 
 Accordingly, the order appealed from should be affirmed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.
 

 *
 

 Subdivision 4 of section 193 of the Agriculture and Markets Law provides that "All food and food products which are packaged or wrapped by the retailer in advance of being exposed or offered for sale by the retailer shall be accurately marked in such form or manner as may be prescribed by the commissioner, with (a) the net weight or standard measure or numerical count; (b) the selling price per pound or unit of standard measure, and (c) the total selling price.”