Lawrence Newmark, J.
The Town Attorney moves to enter a guilty plea and impose sentence as to the corporate defendants, pursuant to CPL 600.10.
*1027 There is but a single question presented here:
Where defendants are charged with town ordinance violations by summonses served by certified mail and defendants never appear, may guilty pleas and fines pursuant to CPL 600.20 be imposed?
CPL 600.20 provides in part that: "Upon failure of appearance at the time such defendant is required to enter a plea to the accusatory instrument, the court may enter a plea of guilty and impose sentence.”
CPL 600.10 provides for securing the attendance of a corporate defendant. That section permits the local criminal court in which an action is about to be or has been commenced to issue and serve a summons or an appearance ticket to secure the corporate defendant’s appearance. It is required that such process must be served upon the corporation by delivery thereof to an officer, director, managing or general agent, or cashier or assistant cashier or other corporate agent authorized to receive service of process.
This court interprets that section, in particular the phrase "by delivery thereof’, to mean personal delivery. Our research has not disclosed any case which definitively interprets this section (CPL 600.10). Therefore, it is this court’s holding that proper service requires personal delivery to one of the specified agents of the defendant corporation. Absent proof of such service the court may not proceed under CPL 600.20 and enter a plea of guilty and impose sentence.
Certainly, the requirements of due process which must be met to enter a valid default in a civil action must be held to apply in a criminal matter. Due process requires proof of service on the defendant prior to entry of default judgment (CPLR 3215). Service under CPLR 311 is made upon a corporation by delivering a copy of the summons to one of the designated corporate agents. Cases have held that the requirement that the summons be "delivered” was not met where someone other than an appropriate officer or agent was served even though the papers did ultimately reach the right person (McDonald v Ames Supply Co., 22 NY2d 111).
In Twentieth Century-Fox Film Corp. v Dupper, (33 AD2d 682) the matter was clearly settled in civil actions by the court’s holding that personal delivery is the only method when a statute directs service of process and is silent as to method. (See 2A Weinstein-Korn-Miller, NY Civ Prac, par *1028 2103.04; 3 Carmody-Wait 2d, NY Prac, § 24:45.) This court now applies that rule to criminal actions.
Clearly, then, it is necessary for criminal process to be served by personal delivery to one of the specified corporate agents before a valid default judgment or its equivalent under the CPL (guilty plea and fine) may be entered.
Therefore, the question above is answered in the negative and the motion to enter a guilty plea and impose sentence is denied.