OPINION OF THE COURT
Harold Beeler, J.
Defendant corporation having been convicted and sentenced in absentia on February 11, 1992 for violating certain provisions of the Administrative Code of the City of New York, now moves to vacate the resulting "default” judgment.
As grounds therefor, defendant claims, in substance, that this criminal action was never properly commenced due to the People’s failure to personally serve defendant with an appearance ticket, and that the corporation’s due process rights were violated when it received no notice of the pendency of the action until after judgment was entered against it.
The principal question presented here is whether a corporate defendant is entitled to have a criminal "default” judgment vacated on the ground that it did not receive actual notice of the prosecution, even though its failure to receive timely notice was due, at least in part, to its own negligence. For the reasons that follow, the court answers this question in the affirmative, and, accordingly, grants defendant’s motion to vacate the February 11, 1992 judgment.
Defendant is charged in this case under the Administrative Code of the City of New York with failing to comply, on November 25, 1991, with various compartmentation and pressurization system requirements for a building it allegedly owns at 777 Third Avenue in New York City. The record reflects, and this court so finds, that on December 12, 1991, a copy of an appearance ticket containing these charges, and directing defendant to appear in court on February 11, 1992, was personally delivered to the office of the Secretary of State in Albany, New York by a representative of the Department of Buildings.
The court further finds, based on the People’s uncontroverted affirmation, that, on December 12, 1991, a copy of the aforementioned appearance ticket was sent by the Secretary of State, via certified mail, to the defendant corporation at the last address designated by defendant for service of process by the Secretary of State, to wit, 437 Madison Avenue, New York, New York (see, Business Corporation Law § 306 [b]). When defendant failed to appear in court in response to the appearance ticket, the court, on February 11, 1992, entered a *834 "guilty” plea pursuant to CPL 600.20, sentenced defendant to a $10,000 fine, and adjourned the proceedings to March 10, 1992 for payment of the fine.
On February 26, 1992, defense counsel — apparently in response to a letter from the court notifying defendant of the February 11th conviction and fine — appeared on the matter and was granted a stay of execution of the default judgment and sentence. The instant motion to vacate the judgment was filed shortly thereafter.
Initially, the court notes that, while both parties in this prosecution rely almost exclusively on the law governing the reopening of default judgments in civil cases (see, CPLR 317, 5015), the controlling statutory authority for vacating a judgment in this, as in any, criminal case is CPL 440.10 ("Motion to vacate judgment”). Pursuant to subdivision (1) of that section, "[a]t any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment” on any of eight specified grounds (see, CPL 440.10 [1] [a]-[h]).
Although defendant has not characterized the instant motion as one to vacate a judgment under CPL 440.10, the court finds that defendant’s due process challenge to the February 11, 1992 default judgment could properly be raised under subdivision (1) (h) of that section (i.e., judgment obtained in violation of a defendant’s constitutional rights). Accordingly, the court will consider the instant application as one brought pursuant to CPL 440.10 (1) (h).
As to its preliminary claim, concerning the propriety of the method of service used in this case, defendant argues, in substance, that service of process on the Secretary of State as an agent of a defendant corporation is permitted only in civil actions and has no application in criminal proceedings. The court has considered this contention and finds it to be without merit.
While defendant is correct in pointing out that the Criminal Procedure Law directs that an appearance ticket be "served personally” (see, CPL 150.40 [2]), the Legislature has expressly authorized such "personal service” by way of the Secretary of State in criminal cases where the defendant is a corporation. Specifically, CPL 600.10 (1) provides, in pertinent part, that "[t]he court attendance of a corporation for purposes of commencing or prosecuting a criminal action against it may be accomplished by the issuance and service of * * * an appear *835 anee ticket if such action has been or is about to be commenced in a local criminal court * * * Such process must be served upon the corporation by delivery thereof to an officer, director, managing or general agent, or cashier or assistant cashier of such corporation or to any other agent of such corporation authorized by appointment or by law to receive service of process” (CPL 600.10 [1] [emphasis added]; see also, CPLR 311 [1]).
Pursuant to Business Corporation Law § 304 (a), moreover, "[t]he secretary of state shall be the agent of every domestic corporation * * * upon whom process against the corporation may be served” (Business Corporation Law § 304 [a]).
Thus, contrary to defendant’s contention, CPL 600.10 (1) and Business Corporation Law § 304 (a), taken together, clearly permit service of an appearance ticket on the Secretary of State as the statutorily designated "agent” of a corporate defendant.
While CPL 600.10 (1) is silent as to exactly how "delivery” of an appearance ticket to an agent of a corporation is to be carried out, Business Corporation Law § 306 (b) directs that, where the agent to be served is the Secretary of State, such service "shall” be made by personal delivery to the Secretary of State, or her authorized representative, at the office of the Department of State in Albany (Business Corporation Law § 306 [b]; see also, People v Eica Constr. Corp., 85 Misc 2d 1026, 1027 [wherein the court construes the phrase "by delivery thereof’ in CPL 600.10 (1) to mean personal delivery to one of the enumerated corporate agents]; and Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 600.10, at 252). Although service on the corporation is "complete when the secretary of state is so served”, the latter must "promptly” send one copy of process "by certified mail, return receipt requested, to [the] corporation, at the post office address, on file in the department of state, specified for the purpose” (Business Corporation Law § 306 [b]).
Applying the aforementioned provisions of CPL 600.10 (1) and Business Corporation Law § 304 (a) and § 306 (b) to the facts herein, the court finds that personal delivery of the appearance ticket in this case, to an authorized representative of the Secretary of State’s office in Albany on December 12, 1991, constituted legally proper and "completed” service by the People on the defendant corporation. The court further finds that the Secretary of State’s office fully complied with its *836 obligations, under Business Corporation Law § 306 (b), in "promptly” forwarding a copy of the appearance ticket, by certified mail on December 12, 1991, to the address for defendant then on file with the Secretary of State (i.e., 437 Madison Avenue).
Notwithstanding the court’s determination that service was properly effected by the People in this case, the fact remains, and this court specifically so finds, that defendant received no actual notice of this criminal prosecution until after it had been convicted and sentenced on February 11, 1992. It is defendant’s principal claim on this motion that, as a result of its failure to receive timely notice of the action, the February 11th judgment should be vacated, and the corporation should be given an opportunity to present a defense to the charges against it.
Upon a careful assessment of all the circumstances in this case, and in view of recent appellate case law in this area, the court is persuaded that defendant’s position is correct and, for the reasons that follow, grants the relief requested.
At the outset, the court notes that the method of service chosen by the People in this case, though perfectly proper under the law, was not the only method available to the People, and surely does not constitute the most direct or reliable means of assuring actual notice to a corporate defendant of a pending criminal action. In this regard, both the CPL and the CPLR, in addition to permitting service of process by way of the Secretary of State, also provide for personal service upon a corporation by delivery of process directly to an "officer, director, [or] managing * * * agent” of the corporation (see, CPL 600.10 [1]; and CPLR 311 [1]), as well as to an agent specifically designated by the corporation to receive service of process on its behalf (see, CPLR 318).
Moreover, defendant has, in its moving papers, repeatedly asserted that the People here were "well aware of defendant’s location since the complaint [itself] names the building in question which happens to be where defendant’s corporate headquarters is located.” Defendant further claims that the People have "commenced similar actions against defendant” in the past, and that "this is the very first time * * * [they have] attempted to commence an action by filing a complaint with the secretary of state instead of personally serving defendant at its place of business.” Significantly, these contentions have not been denied by the People.
*837 This, of course, is not to suggest that defendant bears no responsibility for its failure to receive timely notice in this case. In fact, the record is clear that it was most likely defendant’s own negligent failure to keep a current address for service of process on file with the Secretary of State that prevented it from receiving timely notice of the instant prosecution. In this regard, the law is settled that a corporation is obligated to apprise the Secretary of State’s office of any change in its corporate address (see, Business Corporation Law § 304 [d]; see also, Boss v Avoxe Corp., 97 AD2d 601), and defendant herein has all but conceded that its current address, at least for purposes of service of process, is not the address presently on file with the Secretary of State (i.e., 437 Madison Avenue).
The question before the court, therefore, is whether defendant, in spite of its own negligence in failing to update the Secretary of State as to its current address, is entitled to a vacatur of the default judgment and an opportunity to defend the case on the merits.
In Di Lorenzo v Dutton Lbr. Co. (67 NY2d 138), the Court of Appeals, in a breach of contract case, considered a similar motion to vacate a default judgment brought by a corporate defendant who, despite proper service by the plaintiff on the Secretary of State under Business Corporation Law § 306, failed to receive actual notice of the proceeding in time to defend. As in the instant case, the defendant in Di Lorenzo had claimed that the plaintiff was aware of the location of the defendant’s place of business but "never attempted to serve it personally at that office” (supra, at 141). And, as here, the corporate defendant in Di Lorenzo had "apparently mov[ed] its place of business, but had not updated the address on file with the Department of State” (supra, at 140).
The defendant in Di Lorenzo sought to vacate the default judgment under CPLR 5015 (a) (1) pursuant to which the movant "must demonstrate a reasonable excuse for its delay in appearing and answering the complaint [i.e., 'excusable default’] and a meritorious defense to the action” (Di Lorenzo v Dutton Lbr. Co., supra, at 141). The trial court also considered defendant’s motion as brought under CPLR 317, which provides, in pertinent part, that "[a] person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318 * * * may be allowed to defend the action within one year after he obtains *838 knowledge of entry of the judgment * * * upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense” (CPLR 317). Although similar in purpose to CPLR 5015, CPLR 317 requires no showing by the defendant of a "reasonable excuse” for its delay in responding (Di Lorenzo v Dutton Lbr. Co., supra, at 141).
The trial court granted defendant’s motion to vacate under both CPLR 317 and 5015, finding, under the latter rule, that the plaintiff knew the defendant’s business address, having previously served the defendant at the address and that, "under such circumstances, the default was 'excusable’ ” (supra, at 142).
In reversing the order of the Appellate Division which had reinstated the default judgment, the Court of Appeals in Di Lorenzo refused to recognize a "per se” rule, as enunciated by the Appellate Division, that a corporation’s default is not "excusable” where its lack of notice derives from its own failure to keep the Secretary of State apprised of its current address (supra, at 143). Further, the Court found no abuse of discretion, as a matter of law or fact, in the trial court’s vacatur of the default judgment under CPLR 317 (at 143).
In finding that the trial court had acted properly in granting relief under CPLR 317, the Court noted that "service on a corporation through delivery of process to the Secretary of State is not 'personal delivery’ to the corporation or to an agent designated under CPLR 318 * * * Thus, corporate defendants served under Business Corporation Law § 306 have frequently obtained relief [under CPLR 317] from default judgments where they had a wrong address on file with the Secretary of State, and consequently, did not receive actual notice of the action in time to defend” (supra, at 142).
The Court further noted that "[a] defendant who meets the requirements of * * * [CPLR 317] normally will be entitled to relief, although relief is not automatic, as the section states that a person meeting its requirements 'may be allowed to defend the action’ * * * Thus, denial of relief under CPLR 317 might be appropriate where, for example, a defendant’s failure to personally receive notice * * * was a result of a deliberate attempt [emphasis added] to avoid such notice” (supra, at 143; see also, Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621, 622).
Applying the language and rationale of Di Lorenzo (supra) *839 to the instant case, it is clear that, had the February 11, 1992 default judgment arisen in the context of a civil, rather than a criminal, proceeding, defendant herein would almost certainly be entitled to a reopening of the judgment under CPLR 317 and an opportunity to defend on the merits. Indeed, with regard to the unique circumstances surrounding the method of service chosen by the plaintiff in each case as well as the degree to which the defendants’ own negligence contributed to the ultimate failure to receive timely notice from the Secretary of State, the two cases are virtually indistinguishable.
Nor is there any question that defendant in this case otherwise fits the statutory qualifications for relief under CPLR 317. Specifically, this corporate defendant was served by way of the Secretary of State, and not "by personal delivery to him or to his agent for service designated under rule 318” (CPLR 317; see, Di Lorenzo v Dutton Lbr. Co., supra, at 142); has properly moved for relief within one year after obtaining knowledge of entry of the judgment; and, did not "personally receive notice of the [action] in time to defend” (see, CPLR 317). Moreover, the court has reviewed the contentions of both parties with regard to defendant’s intended defense to the underlying compartmentation and pressurization charges and concludes that defendant has set forth a "meritorious defense” to these allegations (see, CPLR 317).
In concluding that this defendant should be granted relief from the February 11, 1992 judgment, this court recognizes that a corporate defendant in a criminal case, inasmuch as it appears only through counsel (see, CPL 600.20) and "is not exposed to the same threat to liberty” as an individual defendant (People v Flushing Hosp. & Med. Ctr., 122 Misc 2d 260, 273; see also, Penal Law § 60.25), is invariably not entitled to the same degree of due process "notice” protection normally afforded a noncorporate defendant in a criminal prosecution.
Nonetheless, the court finds that corporations in criminal cases are entitled to at least the same degree of due process protection afforded their defendant counterparts in civil actions (see, People v Eica Constr. Corp., 85 Misc 2d 1026, 1027, supra). To hold otherwise would, in this court’s view, create an illogical and legally unsupportable distinction that clearly could not have been intended by the Legislature, especially in light of the nearly identical corporate notice provisions of CPL 600.10 (1) and CPLR 311 (1).
In sum, the court finds that, under the circumstances of this *840 case, and in the absence of any indication whatsoever that defendant’s failure to receive actual notice of the pending criminal proceeding was "a result of a deliberate attempt to avoid such notice” (Di Lorenzo v Dutton Lbr. Co., 67 NY2d 138, 143, supra), defendant should be granted the relief it seeks.
It should be noted that, in so holding, this court is in no way rewarding defendant for its negligent failure to keep the Secretary of State apprised of its present location. Rather, defendant is, by this decision, merely granted the right, to which it is constitutionally entitled, to be heard in defense of the criminal charges that have been brought against it.
For all the aforesaid reasons, defendant’s motion to vacate the default judgment under CPL 440.10 (1) (h) is granted.