OPINION OF THE COURT
Barry Kron, J.
The novel issue presented herein is whether service of an *935 appearance ticket upon the Secretary of State, in order to secure the attendance of a corporation for purposes of commencing a criminal action, satisfies the requirements of CPL 600.10 (1). The defendant argues that in all criminal cases CPL 600.10 (1) requires personal service on the corporation, and that service upon the Secretary of State is only available in civil cases. The court holds that the People have properly served the defendant pursuant to CPL 600.10 (1) by serving the Secretary of State, and a default judgment was properly entered.
FACTS
The underlying facts are not in dispute. On May 10, 1991 the defendant, New York Paving, Inc., was awarded a contract by the New York City Department of Transportation for reconstruction of roads in the South Ozone Park area of Queens County, with work to commence on September 16, 1991.. On December 12, 1991 this job was "shut down” by the City due to threats of violence at the project site from local community groups. On January 10, 1992 an inspector for the Highway Department issued two appearance tickets against the defendant alleging violations of Administrative Code of the City of New York § 19-105 for its failure to post notices of unsafe conditions at the work site. On February 13, 1992 the appearance tickets were served upon the Secretary of State, who thereafter sent copies to the defendant by certified mail. Although defendant did, in fact, receive the appearance tickets, on March 11, 1992 defendant failed to appear in court as directed. The court, thereupon, entered guilty pleas on behalf of the defendant pursuant to CPL 600.20 and imposed fines in the amount of $2,000 as to each docket.
The defendant now moves to vacate the default judgments on the ground that service pursuant to CPL 600.10 requires that a defendant be personally served. It is argued that service upon the Secretary of State, as provided for in Business Corporation Law § 306, does not satisfy due process requirements because it fails to provide proper notice of the action.
DISCUSSION
The commencement of a criminal prosecution against a corporation is governed by CPL 600.10, which provides, in relevant part, as follows: "1. The court attendance of a corpo *936 ration for purposes of commencing or prosecuting a criminal action against it may be accomplished by the issuance and service of * * * an appearance ticket if such action has been or is about to be commenced in a local criminal court * * * Such process must be served upon the corporation by delivery thereof to an officer, director, managing or general agent, or cashier or assistant cashier of such corporation or to any other agent of such corporation authorized by appointment or by law to receive service of process.” (Emphasis added.)
The court notes that while the CPL is silent as to who is encompassed by the phrase "any other agent of such corporation authorized by appointment or by law to receive service of process,” the court may look to other statutes for guidance. Although CPL 1.10 states that the provisions of the CPL apply exclusively to criminal actions and proceedings, there is no corollary that the CPL is the only statute which is applicable in criminal matters (see generally, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 1.10, at 10-11; People v Schlosser, 129 Misc 2d 690). Accordingly, applicable principles may be gleaned from the CPLR and the Business Corporation Law.
CPLR 311 governs personal service upon a corporation. It provides, in pertinent part:
"Personal service upon a corporation * * * shall be made by delivering the summons as follows:
"1. upon any domestic * * * corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. ” (Emphasis added.)
The court notes that the language used in CPLR 311 closely parallels that of CPL 600.10. The Practice Commentary (McLaughlin, McKinney’s Cons Laws of NY, Book 7B, CPLR C311:l, at 380) to CPLR 311 concludes that "Authorized Agent” as encompassed by "any other agent authorized by appointment or by law to receive service” on behalf of the corporation would embrace service on the Secretary of State for domestic and authorized foreign corporations. The 1991 Practice Commentary describes the New York Secretary of State as the "one certain agent of a corporation” (see, Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C311:l, 1993 Pocket Part, at 71). Additionally, Business Corporation Law § 102 (a) (11) defines "process” for both civil and criminal actions. It provides, in perti *937 nent part: "(11) 'Process’ means judicial process and all orders, demands, notices or other papers required or permitted by law to be personally served on a domestic or foreign corporation, for the purpose of acquiring jurisdiction of such corporation in any action or proceeding, civil or criminal, whether judicial, administrative, arbitrative or otherwise, in this state” (emphasis added).
The People argue that the Secretary of State is an agent authorized by law to receive service of process for New York corporations pursuant to Business Corporation Law § 304 which provides, in pertinent part: "(a) The secretary of state shall be the agent of every domestic * * * corporation upon whom process against the corporation may be served.”
Business Corporation Law § 306 states, in pertinent part: "(b) (1) Service of process on the secretary of state as agent of a domestic * * * corporation shall be made by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee * * * Service of process on such corporation shall be complete when the secretary of state is so served. The secretary of state shall promptly send one of such copies by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose. If a domestic * * * corporation has no such address on file in the department of state, the secretary of state shall so mail such copy * * * in care of any director named in its certificate of incorporation at the director’s address stated therein” (emphasis added).
In the instant matter, it is undisputed that the appearance tickets were personally served on the Secretary of State in Albany. The Secretary of State thereupon forwarded copies of the appearance tickets to defendant by certified mail and defendant acknowledges receiving them. The People have complied with the clear and unambiguous provisions of Business Corporation Law § 306 (b) (1), which, in conjunction with the other applicable statutes, makes service on the Secretary of State a basis for acquiring jurisdiction over a criminal defendant corporation.
The defendant in its affirmation notes that the court in People v Eica Constr. Corp. (85 Misc 2d 1026) held that "where in criminal actions, a statute directs service of process and is *938 silent as to the method of service, personal delivery is the only acceptable method.” The defendant then reasons, that the method of service utilized in the case at bar, service on the Secretary of State pursuant to Business Corporation Law § 306, fails to satisfy this "personal delivery” requirement. It is argued that service on the Secretary of State is not likely to result in adequate, timely notice of the pendency of the prosecution, and CPL 600.10 is sufficiently ambiguous so as to require a strict construction reading that would prevent so haphazard a generation of jurisdiction.
The court finds this argument to be without merit. Initially, the court notes that Eica (supra) is inapposite on its facts. Although the Eica court stated "it is necessary for criminal process to be served by personal delivery to one of the specified corporate agents before a valid default judgment or its equivalent under the CPL (guilty plea and fine) may be entered” (People v Eica Constr. Corp., 85 Misc 2d, at 1028), in Eica the defendants were apparently served with summonses by certified mail directly by the Town of Huntington. Nowhere in that case is there any indication that the summonses were personally delivered to the Secretary of State, with copies then sent to the listed corporate address by certified mail as was done in the instant matter. Although when the Secretary of State is served, the summons date is ultimately sent to the corporate defendant by certified mail, a direct certified mailing is not an acceptable substitute for personal service on the Secretary of State as the conduit through which the certified mail service is generated.
There is no need in this case for extensive statutory interpretation. "Statutory language is generally to be construed in accordance with its plain and obvious sense, and the meaning attached to it should be neither strained nor artificial” (Shoreham-Wading Riv. Cent. School Dist. v Town of Brookhaven, 107 AD2d 219, 223, appeal dismissed 65 NY2d 990; McKinney’s Cons Laws of NY, Book 1, Statutes §94). The plain language of Business Corporation Law § 102 (a) (11) makes it clear that "process,” the method of acquiring jurisdiction over a corporation, is the same in any action, civil or criminal. Therefore, by operation of law, as delineated in Business Corporation Law § 304, the Secretary of State is an agent of every domestic corporation upon whom process against the corporation may be served. Accordingly, so long as the provisions of Business Corporation Law § 306 (b) (1) were complied with, the People have fulfilled the requirements of CPL *939 600.10. In the instant matter, it is clear from the record and the defendant’s own concessions contained in its affirmations that proper service was eifectuated.
In reviewing the statutory scheme of CPL 600.10 the court has conducted a review of the evolving statutory and legislative history behind service on corporations under the former Code of Criminal Procedure. At one time, when an information was charged against a corporation the Magistrate issued a summons requiring the corporation to appear before him at a specified time to answer the charge (see, Code Crim Pro § 675). The procedure for service of the summons governed by the 1881 Code of Criminal Procedure provided: "The summons must be served at least five days before the day of appearance fixed therein, by delivering a copy thereof and showing the original to the president, or other head of the corporation, or to the secretary, cashier, or managing agent thereof’. (Code Crim Pro § 677.)
Under the old Code of Criminal Procedure the Legislature limited those authorized to receive service of process on behalf of corporate defendants to clear, specific and direct corporate agents. It logically follows that when the newly enacted CPL added the phrase "or to any other agent of such corporation authorized by appointment or by law to receive service of process,” to CPL 600.10, the Legislature intended to expand the number of authorized agents who could receive service of process (CPL 600.10, as amended by L 1970, ch 996, § 1). This language, which as the court has previously noted closely parallels that found in CPLR 311, is a straightforward indication that the Legislature intended that the Secretary of State was to be an agent for service of process against corporations in both criminal and civil actions. Accordingly, the default judgment previously entered shall stand, and the defendant’s motion to vacate its default based on its assertion of a denial of due process notice is denied.
Defendant also argues that even if the court has jurisdiction it should receive its day in court because it has a meritorious defense and its default was excusable. Although not formally delineated as such, this aspect of the motion is essentially a request pursuant to CPL 440.10 (1) to vacate the judgment in the interests of justice based on a broad interpretation of due process requirements (see, United States v Wallack, 237 F Supp 854). The argument is based on a transposition of the factors contained in CPLR 317 governing the vacatur of civil default judgments.
*940 Defendant’s argument is unconvincing. Defendant by way of an officer’s affirmation concedes it received copies of the summonses. The assertion that the return date was unclear is an unconvincing and unacceptable excuse. The return date was clearly indicated on the front of the summonses. Nor does defendant appear to possess a meritorious defense. Although the City ordered the defendant to close down the job because of "threats of violence” at the work site and expedient action was required on the date of December 12, 1991, the violations were not charged until January 10, 1992. This means that the defendant had a full four weeks to post notices concerning the unsafe condition of large, exposed concrete seepage basins or barricade the basins as required. It failed to act and is now held accountable for its inertia.
Accordingly, for all of the foregoing reasons, the motion to vacate the default judgments is denied.