OPINION OF THE COURT
Irving Rosen, J.
On April 12, 1990, an inspector of the New York City Department of Transportation, Division of Highways, wrote and issued universal summonses for three sites ("outside” specific addresses in Bronx County) citing Causeway Construction Co. for "unsafe road conditions”, in violation of Administrative Code of the City of New York § 19-105. On April 16, 1990, the same highway inspector returned to the same three sites, plus one other, wrote, and issued, four new universal summonses for the same physical condition, citing, instead, Administrative Code § 19-157, i.e., street opening without permit. Each offense charged is an unclassified misdemeanor.
In each instance, this corporate defendant was identified by reference to Department of Parks issued permits and to street markings. There is no indication in the court file of where, or even if, these permits were exhibited at the respective sites, but the defendant, in the reply, annexes photocopies of the permits as evidence of his intent to raise a meritorious defense. (See, CPL 440.10 [1]; 440.20 [1].)
The first set of three summonses gave June 8, 1990 as a return date in Criminal Court and the second set of four summonses gave June 15, 1990 as the return date, again in Criminal Court.
The seven cases were heard on the respective dates and adjourned to a common date of July 20, 1990, with only one court file indicating that the adjournment was upon "consent” (docket No. 90X726613W) and only those returned on June 8th further indicating, as reason for the continuance: "for attorney.” Those returnable on June 15th have no markings at all on the court file worksheet, only a date and the presiding jurist’s initials.
On July 20, 1990, all of the court files have common markings, i.e., "Corporate default; $2,000; 9-14 to pay.” The marking is not in the same handwriting as the endorsement, but it was clearly endorsed by the then presiding Judge.
One of the seven dockets has annexed to it two carbon copies of form letters signed by the clerk of the Summons Part addressed to the corporate defendant at the same address *396 given throughout the proceeding. The letters relate, in sum and substance, that on July 20, 1990 a judgment of conviction for the charges on each of the enumerated dockets was entered by the court and that fines totaling $14,000 were imposed on the dockets. The letter dated September 2, 1990 indicated that payment was due on or before September 14, 1990. The second letter, marked "Final Notice” (dated Sept. 17, 1990), was otherwise identical except for the payment due by date, which was given as October 19, 1990. The notice indicates that failure to pay would result in reference to the prosecuting agency for collection.
The Criminal Court case was not given a future date but, instead, the case file indicates that the judgment was referred to the Law Department of the City of New York, commonly known as Corporation Counsel for collection, and that the fine was no longer subject to collection by the court.
On October 31, 1994 a motion was made on behalf of the corporate defendant in Supreme Court, Civil Term, in Queens County. That motion resulted in a stay of execution of the Sheriff’s lien, by the Honorable Joseph Lane, with a future date in March of 1995. This court will deem that stay as a direction to this court to determine the substantive issues raised in the instant motion.
The court has certain discretion in its review of a postjudgment motion such as this and in the interest of justice will consider the motion. (CPL 440.10 [3] [c].)
The court’s reasoning for considering the issue at all is the possibility that the entry of a judgment of conviction in this case may have been in violation of the defendant’s right to the constitutional safeguards of notice, an opportunity to be heard, the right to the presumption of innocence and the right to call witnesses on its own behalf.
MOTION TO VACATE JUDGMENT: CPL 440.10 (1) (a)
The instant motion is drafted as a motion to set aside judgment pursuant to CPL 440.10. The grounds given for the motion are the failure of proof of service alleging that this court failed to obtain in personam jurisdiction over the defendant.
The Corporation Counsel opposes such relief and annexes, as exhibits to their affirmation in opposition, photocopies of documents purported to be affidavits of service. They also apparently are relying, to some extent, upon the two notices, *397 sent to the defendant’s address postjudgnient, by the clerk of the Summons Part and, where applicable, on the notice sent by the Corporation Counsel, also postjudgment, to the defendant in advance of any action towards collection. While there is little doubt that the corporate defendant received some notice of an action, reliance on the postjudgment notices sent by the nonjudicial staff of the court does not suffice to confer jurisdiction.
The defendant further seeks an order terminating the Sheriff’s execution against property. This second branch of defendant’s motion is denied. This court is not empowered to modify a duly issued order of a court of superior jurisdiction, notwithstanding CPLR 5015, and notes that the matter is actually pending in such forum.
The address given by the inspector on both the universal summonses and the misdemeanor complaints as the corporate defendant’s address appears to be the same address as appears on the permits issued in early 1990 and is the same address as appears on the notices sent by the court clerk in September of 1990, as well as being the same address listed on the documents purported to be the original affidavits of service. The court takes that address to be the actual address for this corporation.
SUBJECT MATTER JURISDICTION
The offenses with which this defendant is charged are each misdemeanors. (Administrative Code §§ 19-105, 19-157; Penal Law § 55.10 [2] [c].) This court is therefore empowered to hear it. (CPL 1.20 [24]; 10.10 [3] [b]; 10.30 [1] [b].) Before the court may conduct any business other than preliminary matters, it must be satisfied that the accusatory instrument states a crime, and that the defendant is subject to the court’s jurisdiction. In this case, neither side has contested this court’s assumption of authority, nor, upon review, does it appear that the action should have been filed in any other forum.
IN PERSONAM JURISDICTION
Where the defendant is a natural person, the case law has repeatedly held that a limited appearance to contest service is not available in the criminal courts (see, People v New York Paving, 155 Misc 2d 934). Even where a named and present person is asserting a defense of "improper party,” the issue is *398 not subject to a statutorily permissible dismissal until after the prosecutor has presented at trial (see, People v MacFarlane Co., 130 Misc 2d 70; People v Baxter, 148 Misc 2d 1009). (The repeal of CPL 170.75 did away with preliminary hearings in 1978 for misdemeanor cases.)
It is equally understood that where the defendant is a corporation, the defendant may only appear by counsel. (CPL 600.20.) The attendance of a corporation as defendant may be secured by service of a summons or by an appearance ticket (each term is defined in the CPL).
The propriety of any court’s action is based upon the acquisition of both subject matter and personal jurisdiction, without both of these, any action beyond those tending to assert jurisdiction (e.g., warrants of arrest, appearance tickets, summons) is a nullity. It is the aspect of in personam jurisdiction that defendant contests.
ACQUISITION OF JURISDICTION BY SERVICE
These cases were initiated by the Department of Transportation, Division of Highways, by the service of an instrument called a "universal summons,” an instrument not defined within the CPL, upon the corporate defendant by personal delivery to an individual, known as Suzy Mai, at defendant’s place of business. The corporation’s president, in his affidavit in support of the affirmation in reply, asserts that Ms. Mai, was a person acknowledged to have been (until very recently) an employee, but he contests the server’s assertion in the affidavit of service that Ms. Mai was ever a person duly "authorized * * * to receive service of process.” (See, CPL 600.10 [1]; Business Corporation Law § 306; CPLR 311.)
Were this a court of civil jurisdiction, the matter would be set over for a "traverse” hearing; the criminal courts do not adhere to the practice of conducting "traverse” hearings, and the matter is being determined upon the submissions of the attorneys, including the items annexed as if these documents were exhibits which had been offered as exhibits in evidence.
CPL 440.30 provides that the court may determine the issue on papers, without a hearing, if the papers allege a ground constituting a legal basis for the motion. This court has no alternative except to address the defendant’s assertion that the People’s failure to have obtained in personam jurisdiction deprived it of rights of a constitutional dimension.
*399 FINDINGS
The affidavit of service filed by the Corporation Counsel is entitled "Certificate of Service of Universal Summons.” While the court is not bound by the assertions of either party, it is uncontested that the "process” served in this case was a paper known as a "universal summons.”
This instrument is not one of the three methods authorized by the CPL for service upon corporate defendants. The only authorized methods of securing attendance of a corporation as defendant may be by (1) a summons, as defined in CPL article 130, (2) an appearance ticket, defined in article 150, or (3) a "corporate summons” (issuance of which is limited to courts of superior jurisdiction, and clearly not applicable in this instance) as each term being a defined term in CPL 1.20 (26) and (27) and CPL 600.10 (2), respectively.
CPL 130.10 (1) further defines the term summons as follows: "A summons is a process issued by a local criminal court directing a defendant designated in an information, a prosecutor’s information * * * or a misdemeanor complaint filed with such court * * * to appear before it at a designated future time in connection with such accusatory instrument.”
Also unlike the practice in the courts exercising civil jurisdiction, CPL 130.10 (2) dictates that a summons must be subscribed by the issuing Judge, as well as provide other notices paralleled in a civil action summons.
The People have not asserted that the "process” utilized in this case was the result of a prior filing in Criminal Court, nor could they make that assertion based on the papers originally filed in this case. Similarly, they have not and cannot assert that the "universal summons” was subscribed by the issuing Judge. This court holds, therefore, that the instrument used in this case was not a summons as defined in the CPL.
CPL 150.10 defines an appearance ticket as "a written notice issued and subscribed by a * * * public servant authorized by * * * local law * * * directing a designated person to appear in a designated local criminal court at a designated future time in connection with his alleged commission of a designated offense. A notice conforming to such definition constitutes an appearance ticket regardless of whether it is referred to in some other provision of law as a summons or by any other name or title.” (Emphasis added.) The court notes that this definition would serve to include a "universal sum *400 mons” as used in this case, within the definition of an appearance ticket.
While CPL 150.60 provides for the nonappearance of a defendant where the universal summons/appearance ticket failed to actually secure the attendance of the defendant, CPL 600.10 (1) specifically provides in relevant part as follows: "The court attendance of a corporation for purposes of commencing or prosecuting a criminal action against it may be accomplished by the issuance and service of a summons or an appearance ticket if such action has been or is about to be commenced in a local criminal court * * * Such process must be served upon the corporation by delivery thereof to an officer, director, managing or general agent, or cashier or assistant cashier of such corporation or to any other agent of such corporation authorized by appointment or by law to receive service of process.”
Courts of concurrent jurisdiction have found service of an appearance ticket sufficient to confer in personam jurisdiction over corporate defendants (see, People v Sage Realty Corp., 155 Misc2d 832; People v New York Paving, 155 Misc 2d 934, supra) and this court agrees in light of the black letter law cited above. Accordingly, I find that the instrument served was legally sufficient.
SERVICE
The documents offered as affidavits of service by the People do not include the physical description of the person actually served and in some instances do not indicate the status of Suzy Mai, and in others merely indicate "other agent”. The affidavits do contain and are subscribed with her name in a space designated "acknowledgment of service”. The affidavit of Vincent Maglio, president of the defendant corporation, acknowledges Ms. Mai was employed by the corporation for over four years. The corporate defendant’s president’s affidavit further states, inter alia, that Ms. Mai left the defendant’s employ last month and that he is unable to contact her because he has no knowledge of her current address. The court finds this assertion incredible in light of Ms. Mai’s four years of presumptively satisfactory employment with the defendant and particularly with the requirement of the Internal Revenue Service that a W-2 be served on or before January 31 of each year. The foregoing belie the affiant’s reason for failure to offer a compelling affidavit from *401 Ms. Mai, particularly when what steps, if any, were taken to locate Ms. Mai are not detailed for the court. The corporate defendant’s president’s affidavit which states, in substance, that Ms. Mai was "an unauthorized agent” of the defendant is insufficient to overcome the presumption of regularity absent a detailed affidavit from Ms. Mai pertaining to her status and duties with the defendant corporation at the time of service and what she did with the process she acknowledged receipt of on behalf of the defendant.
CONCLUSION
Having determined that jurisdiction lies at all levels and did at the time of entry of the corporate default and having determined that defendant has not set forth sufficient factual allegations refuting the propriety and regularity of service, the court is compelled to deny the defendant’s motion.
The court has had an opportunity to review the fines previously imposed which appear to have been assessed pursuant to Penal Law § 80.10 (1) which provides, in pertinent part, that:
"A sentence to pay a certain fine, when imposed on a corporation for an offense defined in this chapter * * * for which no special fine is specified, shall be a sentence to pay an amount, fixed by the court, not exceeding * * *
"(c) [t]wo thousand dollars, when the conviction is of a class B misdemeanor or of an unclassified misdemeanor”. (Emphasis supplied.)
The court notes that subdivision (2) of section 80.10 of the Penal Law provides an exception which reads, in pertinent part, that: "In the case of an offense defined outside this chapter, if a special fine for a corporation is expressly specified in the law or ordinance that defines the offense, the fine fixed by the court shall be as follows: (a) [a]n amount within the limits specified in the law or ordinance that defines the offense”. (Emphasis supplied.)
It is the opinion of this court that a special fine was provided by local ordinance. Section 19-108 of the Administrative Code provides, in pertinent part, as follows: "Any person violating any provision of section * * * 19-105 * * * of this title, upon conviction therefor, shall be punished by a fine of not more than one hundred dollars”. Subdivision (c) of section 19-157 of the Administrative Code provides, in pertinent part, that: "Any person who shall violate any provisions of this *402 section, upon conviction thereof, shall be punished by a fine of not less than fifty nor more than five hundred dollars”.
The court is cognizant of the Court of Appeals decision of People v Great Atl. & Pac. Tea Co. (36 NY2d 345), but believes it to be distinguishable from the case at bar. In Great Atl. the applicable statute which defendant violated (Agriculture and Markets Law § 41) as cited by the Court of Appeals as follows: " 'Except as otherwise provided by the penal law, a person who by himself or another violates any of the provisions of this chapter or of any other law the enforcement of which is within the jurisdiction of the department, is guilty of a misdemeanor, and upon conviction shall, except as otherwise provided in this chapter, be punished by a fine of not less than twenty-five dollars, nor more than two hundred dollars’ ”. (Supra, at 346-347.)
This Agriculture and Markets Law section specifically subordinates itself to any applicable sections of the Penal Law, whereas Administrative Code §§ 19-108 and 19-157, quoted above, do not. There is no language in these ordinances subordinating the penalty provisions to those contained in the Penal Law while Penal Law § 80.10 (1) and (2) specifically state that they do not apply when a special corporate fine is expressly specified in the law or ordinance that defines the offense. The court notes that subdivision (10) of section 1-112 of the Administrative Code defines a "person” as "A natural person, co-partnership, firm, company, association, joint stock association, corporation or other like organization” (emphasis supplied) and holds that the language of the above-cited ordinances constitutes a special corporate fine within the meaning of Penal Law § 80.10.
Therefore, to the extent that the fines actually imposed ($2,000 per docket) are deemed to have exceeded the provisions of Administrative Code §§ 19-108 and 19-157 (currently §§ 19-146, 19-149) as it existed in 1990, it is the judgment of this court that the fines assessed are hereby reduced to $500 on each of the four dockets charging defendant with violating Administrative Code § 19-157 and to $100 on each of the three dockets charging defendant with violating Administrative Code § 19-105 and that the substituted amounts totalling $2,300 are assessed nunc pro tunc to the date of the order of the Honorable Nicholas Iacovetta on July 20, 1990.