*71 OPINION OF THE COURT
Per Curiam.
Order dated February 23, 1995 insofar as appealed from, reversed, on the law, the sentence vacated, and the sentence rendered on July 20, 1990 (Nicholas J. Iacovetta, J.) is reinstated.
In this misdemeanor prosecution for violations of the Transportation Code (Administrative Code of City of NY §§ 19-105, 19-157), a plea of guilty was entered against the corporate defendant in July 1990 based upon its nonappearance (see, CPL 600.20), and fines totaling $14,000 were imposed in accordance with the corporate sentencing provisions of Penal Law § 80.10 (1). On its December 1994 motion to set aside the judgment of conviction pursuant to CPL 440.10, defendant challenged the propriety of the service of the underlying summonses and the bona tides of the substantive charges, but advanced no claim that the amounts of the fines were excessive or that the sentence was otherwise improper. While rejecting the points raised by defendant, Criminal Court, sua sponte, vacated the sentence originally imposed based upon its own conclusion that the fines were illegal. We disagree, and thus reverse the order issued below to the extent now challenged on the People’s appeal.
Even assuming, arguendo, that Criminal Court had authority to vacate the original sentence in the context of the defendant’s CPL 440.10 motion without a specific defense request to do so (compare, People v Minaya, 54 NY2d 360, cert denied 455 US 1024, with Matter of Campbell v Pesce, 60 NY2d 165; see also, People v Riggins, 164 AD2d 797; People v Gifford, 2 AD2d 642), the court incorrectly concluded that the fines initially set were unauthorized. The sentencing provisions of Penal Law § 80.10 (1), permitting a $2,000 maximum fine for each unclassified misdemeanor charged herein, are expressly made applicable to corporate offenses defined outside the Penal Law where the statute or ordinance specifies "no special corporate fine”. Significantly, neither of the Administrative Code provisions here violated provides for any special corporate fine. Each merely authorizes a specified maximum fine payable by "[a]ny person” violating its mandate, without differentiating between natural persons and other entities such as corporations (Administrative Code §§ 19-108 [maximum $100 fine], 19-157 [c] [maximum $500 fine]). It is true, as Criminal Court noted, that the term "person” is defined elsewhere in the Administrative Code to include a corporation (see, Administra *72 tive Code § 1-112 [10]). However, even if we were to accept the proposition that the Administrative Code sentencing provisions here involved were thereby made "applicable to a corporation, subdivision (1) of section 80.10 of the Penal Law is nevertheless controlling since the [Administrative Code] does not provide for a special corporate fine for a violation of its terms.” (People v Great Atl. & Pac. Tea Co., 36 NY2d 345, 347.)
Parness, J. P., McCooe and Freedman, JJ., concur.