OPINION OF THE COURT
Ellen M. Coin, J.
By guilty plea entered upon its default, defendant corporation has been convicted of a violation of Administrative Code of the City of New York § 11-809 (a), and sentenced to pay a fine in the sum of $1,000. Defendant now moves for an order vacating the default judgment on the grounds of excusable default and meritorious defense (i.e., that the instant ordinance is *657 inapplicable to its vehicle). In essence, defendant’s motion is a request pursuant to CPL 440.10 (1) to vacate the judgment in the interests of justice based on a broad interpretation of due process requirements. (See, People v New York Paving, 155 Misc 2d 934 [Crim Ct, Queens County 1992].) Its argument is based on the factors contained in CPLR 317 governing the vacatur of civil default judgments. For the reasons set forth below, including but not limited to those advanced by defendant, the motion is granted.
FINDINGS OF FACT
On April 24, 1998, Police Officer Loffredo issued a universal summons to defendant’s driver in front of 432 Broome Street, New York, New York. The summons stated that the driver was operating a vehicle for the corporation without a New York City tax stamp affixed thereto. Significantly, the summons did not state that the vehicle was a commercial vehicle.
The summons directed defendant to appear in this court on May 27, 1998. Defendant concedes that its driver delivered the summons to defendant’s office manager. However, defendant’s staff incorrectly calendared the date for its appearance pursuant to the summons, and the defendant corporation failed to appear on the required date. Upon defendant’s default, this court entered a guilty plea on behalf of defendant pursuant to CPL 600.20, and sentenced defendant to pay a fine in the amount of $1,000.
Defendant’s offices are located in Suffolk County. Its taxable income attributable to business in New York City was 11.0473% in 1997 and 19.0075% in 1996. Defendant’s commercial vehicles are not used principally within the City of New York, and it does not use its vehicles principally in connection with business in the City of New York.
CONCLUSIONS OF LAW
It is well settled that a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to criminal prosecution. (People v Case, 42 NY2d 98, 99 [1977].) Here the universal summons alleges only that defendant’s driver was operating a “vehicle” without the requisite tax stamp. By its terms, title 11, chapter 8 of the Administrative Code imposes a tax on commercial vehicles and motor vehicles for the transportation of passengers other than medallion taxicabs. By failing to allege that the subject vehicle was of a type specified by the ordinance, the universal summons omitted an essential element of the violation and was therefore facially insufficient.
*658 Moreover, defendant’s defense that the ordinance is inapplicable to its vehicle is meritorious. The ordinance contains a statutory presumption (Administrative Code § 11-804) that all commercial motor vehicles used in the City of New York “are used principally in the city or used principally in connection with a business carried on within the city and are subject to the tax until the contrary is established”. The section places on the owner of the motor vehicle the burden of proving that a motor vehicle is not taxable.
Interpreting a predecessor version of the subject ordinance, the Court of Appeals held, “[I]n sense and reason the word ‘principally’ should be read as pointing to trucks whose principal use is in the conduct of a business local to New York City * * * The legislative intent here must have been to tax trucks of a business which is itself carried on principally in New York City.” (Metropolitan Convoy Corp. v City of New York, 2 NY2d 384, 389 [1957].) The Court examined the enabling legislation for that ordinance, finding that the State, in licensing local governments to impose taxes for their local needs, did not intend to tax every commercial vehicle used in a business, any part of which is carried on in that county or city. Thus, the Court found, the Legislature did not intend to make possible the taxation of commercial vehicles in all the State’s counties and cities through which they pass. (Supra, 2 NY2d, at 390.)
The enabling legislation of the current version of the ordinance is found at chapter 1032 of the Laws of 1960. Its language does not differ in any significant way from that of the earlier enabling legislation. Accordingly, the Legislature’s intent remains the same in permitting the subject local taxation.
Through tax returns submitted upon the instant motion and affidavit proof, defendant has met its burden of proving that its motor vehicle is not taxable.
The conviction is vacated pursuant to CPL 440.10 (1) (a) (for facial insufficiency) and (h) (upon defendant’s meritorious defense). The summons is dismissed. (CPL 440.10 [4].)