Angelo Mauceri, J.
The defendant was charged with a violation of section 385 of the Vehicle and Traffic Law, which is operating an overloaded vehicle on a public highway.
Defendant’s motion made during the trial, is to suppress evidence as to the weight of defendant’s vehicle, on the ground that such evidence was obtained in violation of defendant’s right against an unlawful search and seizure as proscribed by the Fourth Amendment, and in violation of defendant’s privilege against self incrimination under the Fifth Amendment.
Defendant’s contention is, that absent a search warrant, a search is improper unless made incident to a lawful arrest. (Harris v. United States, 331 U. S. 145.)
As to whether or not an arrest for a traffic infraction is lawful, defendant avers, depends upon the existence of probable cause. (People v. Loria, 10 N Y 2d 368.)
There is no question but that a traffic infraction is treated procedurally as a misdemeanor for most purposes, and that section 177 of the Code of Criminal Procedure, which provides for the circumstances under which a warrantless arrest may be made, is applicable. (Vehicle and Traffic Law, § 155.)
Under subdivision 1 of section 177 of the code, a peace officer without a warrant may arrest a person where he has reasonable cause to believe that an offense is being committed or attempted in his presence by that person.
Section 167 of the code defines an arrest as follows: “ Arrest is the taking of a person into custody that he may be held to answer for an offense.” This statute defining arrest makes it clear that the Legislature did not intend that the stopping of a vehicle on the public highway, for purposes of inspection and in order to detect overloading, makes it an arrest.
Section 390 of the Vehicle and Traffic Law provides: “ The superintendent of state police shall cause inspection to be made of the motor vehicles and motorcycles operating on the public highways to detect inadequacy of equipment, overloading and other violations of law governing the use of the public highways by motor vehicles and motorcycles.”
As noted in United States v. Vita (294 F. 2d 524, 530) the line between detention and arrest is a thin one, but a necessary one if there is to be any effective enforcement of the criminal law.
*473 As stated in People v. Fidler (280 App. Div. 698, 700): “ When the State provides a public facility for private use and the use is by mechanical equipment, dangerous if defective, the right of public authority to examine the equipment as an incident to such use would seem incontestable.” Nor would it appear that the inspection of the vehicle is prohibited by the Fourth Amendment. “ The cloak of the right to privacy extends generally to an automobile, but it does not protect the driver against an inspection to determine if there is immediate danger in the very thing which the citizen has placed in present operation on the public way. A defective vehicle on a teeming traffic lane may require instant intervention of public power and that kind of intervention on the highway is not an invasion of privacy in truth or in the sense in which the draftsmen of constitutional language had of the protection they were affording against unreasonable searches.” (People v. Fidler, supra, p. 701.)
It may be fairly concluded therefore, that stopping a vehicle on a public highway for purpose of inspection is not an arrest, and that the inspection does not constitute an illegal search.
As to the claim of self incrimination, defendant relies heavily upon section 155 of the Vehicle and Traffic Law, in support of his contention that a traffic infraction is a crime within the purview of the Fifth Amendment. This section however, makes it crystal clear that a traffic infraction is not a crime, and is to be deemed a misdemeanor for purposes of jurisdiction only, outside of cities having a population in excess of one million.
A traffic infraction is treated as a misdemeanor for purpose of procedure only. (People v. Wilson, 168 N. Y. S. 2d 391.)
In People v. Letterio (16 N Y 2d 307, 312, 313) the Court of Appeals discussed the status of a traffic infraction. Justice Bergaít made the following observations:
‘ ‘ The basic concept of the traffic infraction is that a traffic violation is not a crime * “ *
“ A traffic violation in New York carries a penalty, but it is not a criminal penalty even though the procedural forms of law followed in criminal courts are, as a matter of judicial convenience, also employed in traffic cases (Vehicle and Traffic Law, § 155). The penalty is something in the nature of a community sanction or civil penalty but it is not in any respect punishment for a crime. There may be a fine and, in extreme but very rare cases, a jail .sentence, but these too are similar to certain civil compulsions which the law exerts.”
The issue before the Court of Appeals in Letterio was whether a defendant charged with a traffic infraction, was *474 entitled to have the assistance of counsel and whether the court must advise him of his right to counsel. The court resolved these issues against the defendant on the ground that traffic infractions are not criminal prosecutions within the purview of the Sixth Amendment. It must also be said therefore, that, predicated upon the binding effect which the Court of Appeals decision has upon this court, that a traffic infraction is not a ‘ ‘ criminal case ’ ’ within the meaning of the Fifth Amendment.
The Letterio case contains a pursuasive dissenting opinion by Chief Judge Desmond which indicated that, simply because the Legislature chose to label these wrongdoings as “ traffic infractions” rather than “crimes”, a defendant’s constitutional rights should not be made to disappear. Especially so, •since the punishment which can be meted out may very well involve not only substantial fines but imprisonment for considerable periods. If in the future, Judge Desmond’s dissenting opinion is adopted by the Court of Appeals, and it is determined that a defendant charged with a traffic infraction has the right to counsel and that all of the constitutional safeguards applicable to crimes also apply to traffic infractions, then it might also become the law that Miranda v. Arizona (384 U. S. 436) applies to traffic infractions.
In considering Chief Judge Desmond’s dissent, the particular section involved in the instant matter is section 385 of the Vehicle and Traffic Law. Although labeled a traffic infraction by the Legislature, this section in its penalties is more severe than all of our misdemeanors and in most cases, our felony crimes, in that in the misdemeanor and felony crimes the sentence may be conditional or unconditional but in section 385 of the Vehicle and Traffic Law the sentences are mandatory. The first violation being either a $100 fine or 30 days in jail and the second or subsequent violation a minimum fine of $250 or a maximum of $500 or 60 days in jail. Certainly even in this day of affluence a fine of $250 up to $500 imposed upon a citizen of this State may occasionally incarcerate the defendant. Further, this section has no limitations as to time. The second violation may occur 25 years after the first and it is still considered a second violation. Even in the case of driving while intoxicated under the Vehicle and Traffic Law, the Legislature imposed a 10-year limit before the second violation would become a felony. The severity of the penalties imposed in this violation is akin and I think greater in severity to those in the Letterio case.
In any event, under the decisional law of this State, as it presently exists, it does not appear that a defendant may assert *475 his constitutional right against self incrimination where a traffic infraction is involved, the commission of which is not deemed to be a crime.
This court feels constrained to say however, that were it not for the Court of Appeals decision in People v. Letterio (supra), it would find that a defendant’s constitutional rights must be preserved even in the case of a traffic infraction.
While the court is aware that the power of the Legislature to regulate the use of public highways is inherent, and that it may enact laws pursuant to its police powers which are in derogation of constitutional rights and safeguards, nevertheless, a clear and precise standard must exist defining the obligations of a person operating a vehicle on the public highway. Nowhere in any of the sections of the Vehicle and Traffic Law, including sections 385, 390, and 393, is there any language specifically directing that an operator of a vehicle must place it upon scales to determine weight. It is noteworthy, that, in other sections of the Vehicle and Traffic Law, the Legislature required, by specific and definite language, the performance of certain acts by an operator. For example, under section 501 (subd. 1, par. [e]), he is required to exhibit his license, and under section 1194 he is required to submit to a chemical test or if he refuses, have his license suspended. Under section 401 of the Vehicle and Traffic Law he must exhibit his registration upon demand. These are clear exercises of police power by the Legislature, and in each instance there is specific language informing the citizen as to what is expected of him.
This court, as already stated, is bound by the Court of Appeals decision in People v. Letterio (supra) even though it is of the express opinion that the defendant’s constitutional right against self incrimination has been violated for the reasons set forth in this decision. Accordingly, defendant’s motion is denied.