OPINION OF THE COURT
Sam Eisenberg, J.
The defendant is charged with a very substantial number of parking violations in the City of Mount Vernon, for which “parking violation summonses” have been issued. The summonses issued are,on a standard form prepared by and used in the City of Mount Vernon. They are identified as a “Parking Violation Summons” and contain among other things: the name of the court; the license number of the offending vehicle; a description of the vehicle; the location and time of the offense; the nature of the offense (such as meter overtime parking, prohibited area, fire hydrant parking, double parking and others) and the return date of the summons. The defendant who is the registered owner of the vehicles, referred to in the various summons, now moves this court for supporting depositions as to each of the summonses, relying upon the authority of CPL 100.25.
CPL 100.25, prior to its amendment in 1972, provided that “a simplified traffic information” must be substantially in the form prescribed by the Commissioner of Motor Vehicles and that a person arraigned upon a “simplified traffic information” is entitled (subject to the statutory *137 conditions) to a supporting deposition, containing allegations providing reasonable cause to believe that the defendant committed the offense or offenses charged. ,
In 1972 CPL 100.25 was amended to provide for “simplified information” in form prescribed not only by the Commissioner of Motor Vehicles, but also by the Commissioner of Parks and Recreation and the Commissioner of Environmental Conservation, as the case may be and for supporting depositions relative thereto. It did not otherwise enlarge the obligation to furnish supporting depositions.
The “[s]implified traffic information” is defined by CPL 1.20 (subd 5, par [b]) as a written accusation “in a brief or simplified form prescribed by the commissioner of motor vehicles”. The parking violation summonses with which this defendant is charged is not such an accusatory instrument. It is the instrumentality of local ordinance. Thus, depositions supporting these parking violation summonses are not mandated by CPL 100.25.
The remaining question, therefore, is whether the defendant is entitled to supporting depositions so that he may be adequately apprised of the charges against him and so that he may be able to adequately prepare his defenses.
Depositions to support “simplified traffic informations” were designed to supplement the informations in view of the sparsity of detail in these “simplified” instruments. (See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 100.25 — former CPL 100.25, pp 397-398.)
The purpose of a supporting deposition is to supplement the allegations of an accusatory instrument and to support or tend to support the charges contained therein. It provides additional or corroborative facts which may be necessary to establish a sufficient case. (Rothblatt, Criminal Law of New York, The Criminal Procedure Law, § 131.)
Measured against this purpose of a supporting deposition, a person to whom a parking violation summons has been issued, is not entitled to a supporting deposition.
In parking violation actions a prima facie case is made out upon proof that the vehicle was illegally parked and that the defendant was its registered owner. The owner of *138 the vehicle then has the burden of rebutting the presumption that he illegally parked the car (People v Rubin, 284 NY 392). On the other hand, in other traffic infraction cases the People must establish every element of the traffic infraction, including the actual (as against presumed) commission of the infraction by the defendant.
Thus, in parking violation cases the summons itself and the facts therein stated are sufficient to establish the reasonable cause to believe that the defendant, as registered owner of the named vehicle, committed the parking offense charged. A supporting deposition would not aid in establishing the requisite reasonable cause to believe that the defendant committed the parking offenses.
The defendant’s motion for supporting depositions is, therefore, denied.