OPINION OF THE COURT
Eugene L. Nicandri, J.
Respondent moves to dismiss the appeal taken by the People from a prior dismissal of the case by the Massena Village Court. That court dismissed because the People did not timely file a supporting deposition. The grounds for the motion to dismiss the appeal are that the People did not take the appeal within the statutory period of 30 days, as measured from the date of service of the order. (CPL 460.10 [1] [a], [c].)
Service of papers is not a defined concept under the Crimi *240 nal Procedure Law, although it is statutorily defined in the CPLR (CPLR 2103 [b] [2]; see, People v Coaye, 68 NY2d 857, 858 [1986]). In the civil practice, mail service is measured from the date when mailing is complete and five days are added to that period.
Where the Criminal Procedure Law does not provide a standard by which to measure compliance with a rule, it is reasonable to refer to the CPLR. It is evident that reference is made periodically to the CPLR for use in the criminal context. (See, 22 NYCRR 200.33 [a] which refers to CPLR 5525 [c] concerning the settlement of transcripts; see also, provisions of the Justice Ct Act, which make the CPLR generally applicable in the lower courts.)
Using CPLR 2103 to measure the time for effective service of the order, and in the absence of any proof in the record as to the actual date on which the People received the lower court’s order, the notice of appeal was timely filed. The Judge issued his decision on July 23, 1991. That 30-day period expired on August 22, 1991, but would be extended under CPLR 2103 to August 27, 1991, the date on which the People in fact served the notice of appeal.
While it is true that the appellate courts may not extend the time in which a party may take an appeal, the court may and must determine the meaning of the statutory provision requiring service within the statutory time of 30 days.
For the foregoing reasons, the motion to dismiss the appeal as not having been taken on a timely basis is hereby denied.