OPINION OF THE COURT
Lila F. Levy-Dino, J.
The vehicle owned by Rosita Castillo was cited by Port Jervis Police Officer Robert Krentz with 24 violations of sections 403 and 306 (b) of the Vehicle and Traffic Law.
*877 The defendant’s motor vehicle was ticketed by Officer Krentz during the years 1989, 1990, 1991 and 1992.
In addition, defendant’s car was ticketed by three other officers in 1990 for violation of section 306 (b) of the Vehicle and Traffic Law, and in 1993 for violation of section 306 (b) of the Vehicle and Traffic Law and section 152.28 of Port Jervis City Code, overlimit parking.
Officer Krentz testified as to the issuance of his 24 tickets for the aforesaid Vehicle and Traffic Law violations. The other officers testified as to the issuance of their tickets. At the end of the People’s case, the defense rested and counsel for defendant, Rosita Castillo, moved to dismiss all of the citations based on the People’s failure to identify the owner of the vehicle. The defense contends the defendant must be identified by the People, and that the identification of a vehicle is insufficient.
The testimony of all of the police officers went to the identification of the vehicle by model, make, plate number, and date and time of the violation. At no time did any of the officers identify the individual defendant as being the owner of the vehicle or the driver of the vehicle on any given date.
The tickets issued were parking tickets and, therefore, nonmoving violations. At the time the tickets were issued, the vehicle was stationary and unoccupied by an operator.
To require a police officer to wait at a stationary vehicle to see who would retrieve it would certainly place an undue burden on a police department and would be economically unfeasible.
The police have the power to enforce the moving and nonmoving violations of the Vehicle and Traffic Law and the local city ordinances. Yet, each defendant is afforded the presumption of innocence unless that burden can be shifted.
In People v Avis Rent-A-Car (24 Misc 2d 1056 [I960]), the car rental company was cited with a violation of the City of White Plains Ordinance governing the parking of vehicles. The defendant, by its president, contested the ticket since the vehicle was leased to a third party on the day the ticket was issued. Defendant further testified that no other employee of the defendant used that vehicle on that date. Based on the testimony of the defendant, it was held that such testimony was sufficient to rebut the presumption that the owner was the person who violated the ordinance, and therefore, the *878 defendant corporation was relieved of the responsibility for the alleged violation.
In that case the defendant alleged it had no knowledge of the violation and immediately upon receiving notice of the same, located the lease contract for the day in question and wrote to the White Plains City Court protesting the citation.
The prosecution in that case contended that in New York State where a motor vehicle is registered in the name of a particular owner, a presumption is created that the owner is the person who violated the parking ordinance. A burden is then placed upon the owner to offer proof that he was not in possession or control of the vehicle on that date in question. The defendant, in the instant case, took no action for all the years in question.
In People v Rubin (284 NY 392), the Court of Appeals stated (at 396-397): "Ownership of a vehicle in civil cases has long been recognized as prima facie proof that it was being operated by or for the owner. (Potts v. Pardee, 220 N. Y. 431; St. Andrassy v. Mooney, 262 N. Y. 368.) Here, ownership has been held a sufficient basis for an inference of personal conduct. If he was not in control he could easily have produced a witness or witnesses to show it. (People v. Dyle, 21 N. Y. 578; People ex rel. Woronoff v. Mallon, 222 N. Y. 456, 465.) We find it competent under the circumstances to conclude from the proof that the owner of the car controlled the car and personally violated the regulation. (Commonwealth v. Ober, 286 Mass. 25. Cf. People v. Kayne, 286 Mich. 571.)”
In the instant case the defendant’s vehicle was cited with 27 violations over a five-year period of time. At no time during the five-year period of time did the defendant notify the City that she was not the operator of the motor vehicle or that she was wrongly cited for any of the tickets. On the contrary, she apparently ignored the notices sent to her by the parking violations agency.
Where a vehicle is registered in the name of a particular owner, a presumption is created that the owner is the person who violated the parking ordinance. A burden is then placed upon the owner to offer proof that he was not in possession or control of the vehicle.
Therefore, in accordance with People v Rubin (supra) it does not change the law of presumption of innocence, but merely shifts the burden of going forward from the People to the defendant.
*879 The court therefore makes the following findings:
(1) There is a presumption that the owner of a stationary motor vehicle was the operator on any given date.
(2) The defendant failed to overcome this presumption.
(3) The People are not required to identify in open court the owner of a stationary unoccupied motor vehicle to which a nonmoving violation has been issued.
Defendant’s motion to dismiss the charges is denied.