OPINION OF THE COURT
Dan Lamont, J.
The indictment charges the defendant with assault in the second degree in violation of Penal Law § 120.05 (2), a class D felony; criminal mischief in the third degree in violation of Penal Law § 145.05, a class E felony; resisting arrest in viola *767 tion of Penal Law § 205.30, a class A misdemeanor; and operating a motor vehicle while under the influence of alcohol in violation of Vehicle and Traffic Law § 1192 (3), an unclassified misdemeanor. The charges are that the defendant on or about January 15, 1995 at approximately 4:00 p.m. did operate a blue Chevrolet pickup truck in an intoxicated condition, and at approximately 5:00 p.m. did refuse to allow his fingerprints to be taken, did engage in a physical altercation with Police Officer Purvis causing physical injury to Officer Purvis, and did intentionally damage an IBM typewriter owned by the Town of Ulster Police Department in an amount exceeding $250.
On August 8, 1996, at the conclusion of all the evidence, the defendant made a motion for a trial order of dismissal pursuant to CPL 290.10 seeking the dismissal of all counts of the indictment. On August 9, 1996, the court granted the defendant’s motion with respect to count two of the indictment, resisting arrest, and denied the motion with respect to all other counts — with a subsequent written decision to be issued.
BACKGROUND PACTS
On January 15, 1995 at approximately 4:00 p.m. on Sawkill Road, Town of Ulster, the defendant was placed under arrest for a violation of Vehicle and Traffic Law § 1192 (3). The defendant was handcuffed, placed in a patrol car and transported to the Town of Ulster Police Station.
Viewing the evidence in the light most favorable to the People, the court accepts the following version of the highly contested facts for the purposes of the defendant’s motion only. Upon arriving at the police station the defendant was handcuffed to a bench. Officer Purvis unshackled the defendant and told the defendant that he was going to fingerprint him. The defendant refused and attempted to leave the police station, and at some point a physical altercation took place between the defendant and Officer Purvis. The defendant’s refusal to cooperate with fingerprinting and his attempt to leave the police station, and the subsequent physical altercation give rise to the resisting arrest charge.
THE ISSUE PRESENTED
The issue presented is the meaning of the term "arrest” in the definition of the crime of resisting arrest in violation of Penal Law § 205.30.
*768 CONCLUSIONS OF LAW
The fact that the defendant was placed under arrest for a violation of Vehicle and Traffic Law § 1192 (3) at Sawkill Road at approximately 4:00 p.m. on January 15, 1995 is not in dispute.
The People contend that the arrest of the defendant was a continuing process that included the fingerprinting and booking procedures performed at the police station. The defendant contends that the arrest was concluded when the defendant peaceably complied with the officers, was handcuffed, placed in the police car and transported to the Town of Ulster Police Station.
Penal Law § 205.30 provides as follows: "A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.”
An "arrest” is defined as "[t]o deprive a person of his liberty by legal authority. Taking, under real or assumed authority, custody of another for the purpose of holding or detaining him to answer a criminal charge or civil demand” (Black’s Law Dictionary 109-110 [6th ed 1990]).
The verb "effect[ing]” is defined as: "To do; to produce; to make; to bring to pass; to execute; enforce; accomplish” (Black’s Law Dictionary 514 [6th ed 1990]).
Penal Law § 205.00 (2) defines custody as "restraint by a public servant pursuant to an authorized arrest or an order of a court.”
CPL 160.10, in relevant part, states: "1. Following an arrest * * * the arresting or other appropriate police officer or agency must take or cause to be taken fingerprints of the arrested person or defendant” (emphasis supplied).
"Follow” is defined as: "To go, proceed, or come after” (Black’s Law Dictionary 643 [6th ed 1990]).
Although CPL 160.10 is not applicable to a misdemeanor driving while intoxicated arrest, the statute creates a duty for an arresting officer or agency to take the fingerprints of a person following an arrest for other enumerated crimes. Since the duty to take fingerprints arises following an arrest, which means to come after,, this court holds and determines that the fingerprinting process is not part and parcel of an arrest.
The provisions of the Penal Law must be construed according to the fair import of their terms to promote justice and effect the objects of the law (see, Penal Law § 5.00; People v Ditta, *769 52 NY2d 657 [1981]). Accordingly, this court holds and determines that, for the purposes of resisting arrest pursuant to Penal Law § 205.30, the defendant’s arrest was completed at the time he was placed in the police vehicle and transported to the police station. The defendant was in police custody at the time of the defendant’s alleged noncooperation and assault. Therefore, this court holds and determines that count two of the indictment charging the defendant with resisting arrest should be and the same hereby is dismissed.
The Watertown City Court in People v Bauer (161 Misc 2d 588, 596 [1994], citing People v Monroe, 12 Cal App 4th 1174, 1181, 16 Cal Rptr 2d 267, 272, cert denied sub nom. Monroe v California, 510 US 891 [1993]) states that an arrest ordinarily " 'implies a sequence of events that begins with physical custody and at least a minimal body search, and concludes with booking and incarceration or release on bail’ ”. This court finds the language within this case constitutes dicta and furthermore finds such language unpersuasive.
By holding that an arrest is complete at the point the defendant is taken into custody, this court finds that there is no gap in the statutory scheme by which the defendant’s alleged conduct would escape criminal liability.
Penal Law § 205.05 defines escape in the third degree as: "A person is guilty of escape in the third degree when he escapes from custody.” This court finds that the defendant was in custody and his alleged conduct of attempting to leave could have given rise to a charge of attempted escape in the third degree.
Penal Law § 195.05 defines obstructing governmental administration in the second degree as: "A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act”.
This court finds that the defendant’s alleged conduct of refusing to be fingerprinted and his attempt to leave culminating in a physical altercation could have given rise to a charge of obstructing governmental administration in the second degree.
CONCLUSION
For the reasons stated above, this court holds and determines *770 that the defendant’s CPL 290.10 motion for a trial order of dismissal should be and the same hereby is granted with respect to count three of the indictment charging resisting arrest.