OPINION OF THE COURT
Robert M. Raciti, J.
In this criminal complaint, the People allege that on August 13, 1998 at about 2:45 p.m., in the rotunda of the Bronx Criminal Courthouse, the defendant was instructed by Police Officer Juliet Holland, “pursuant to magnetometer procedures”, to walk through the magnetometer, an electronic device used to screen all visitors to the courthouse for weapons. According to *262 the complaint, the defendant “refused to comply with repeated instructions” to do so. The complaint further alleges that the defendant then stated, “I’m not moving”, and thereby “imped [ed] other individuals standing behind her from walking through the magnetometer, or past her.” •
The People also alleged that, when Officer Holland attempted to arrest and handcuff the defendant, “defendant repeatedly flailed her arms, kicking at her and other court officers thereby preventing [Officer Holland] from handcuffing defendant.” Officer Holland alleged that the defendant also stated, “Fuck you, I don’t have to do what you say. I’ll blow up the building, shoot you and put a bullet in your head.”
Based upon this alleged conduct, the defendant was charged with obstruction of governmental administration in the second degree (Penal Law § 195.05), resisting arrest (Penal Law § 205.30), menacing (Penal Law § 120.15), three counts of disorderly conduct (Penal Law § 240.20 [1], [3], [5]), and harassment in the second degree (Penal Law § 240.26 [1]). Of particular interest for the determination of the present motion is the charge of obstruction of governmental administration in the second degree. The statute defines that crime, in pertinent part, as follows: “A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act”. (Penal Law § 195.05.)
Defendant now moves to dismiss the charge of obstruction of governmental administration in the second degree on the basis that the factual allegations supporting the charge are facially insufficient. According to defendant, the complaint “fails to state sufficient facts to substantiate that the court officer was performing his [sic] official function when attempting to search the defendant.” That contention is untenable. A plain reading of the allegations set forth above demonstrates that Officer Holland was performing her official duties in operating the magnetometer in the courthouse rotunda. Of course, the magnetometer has become an essential element of courthouse security, and its operation by court personnel is, without question, an “official function”. To suggest, as defendant does, that the complaint should have specifically alleged that this “official function was authorized”, is an unacceptably hypertechnical interpretation of the pleading requirements.
*263 The court also disagrees with defendant’s claim that her alleged conduct was not sufficient to rise to the level of interference. True, the interference must be “physical interference” (see, People v Coffaro, 52 NY2d 932 [1981]), but that is adequately set forth in the instant complaint. The allegation that defendant repeatedly refused to move through the magnetometer and thereby physically prevented others in line from entering the courthouse is a sufficient demonstration of interference through physical force, under the present circumstances. (See, People v Hasenflue, 169 Misc 2d 766 [Sup Ct, Ulster County 1996] [refusal to be fingerprinted].)
Finally, defendant claims that her alleged conduct during her arrest was not sufficiently tied to the initial conduct of refusing to walk through the magnetometer, and therefore does not support the obstruction of governmental administration charge. Again, a plain reading of the complaint belies that claim, since all of the conduct appears to have taken place contemporaneously. In any event, since the already discussed alleged conduct sufficiently supports each of the elements of obstruction of governmental administration, those additional allegations, concerning defendant’s violent threats against the officer and against the courthouse, need not be factored into the determination that the complaint is adequate. Therefore, for all the foregoing reasons, defendant’s motion to dismiss is denied.