OPINION OF THE COURT
Per Curiam.
Order dated August 21, 1997 reversed, on the law, motion denied, verdict reinstated, and the matter remanded to Criminal Court for sentencing.
After rendition of a jury verdict finding defendant guilty of obstructing governmental administration, Criminal Court granted defendant’s motion to set aside the verdict (CPL 330.30 [1]) upon the sole ground that the underlying accusatory instrument was facially insufficient. On the People’s appeal, we find no jurisdictional defect and, accordingly, reverse and reinstate the verdict.
The allegations set out in the underlying accusatory instrument that defendant offered to pay a sum of money to three named New York City police officers “so that the officers would not serve defendant with a Criminal Court summons” were sufficient for pleading purposes to establish that defendant, through an “independently unlawful act”, intended to interfere with the officers’ “official function” (Penal Law § 195.05; see, People v Barrett, 179 Misc 2d 261; see also, People v Alejandro, 70 NY2d 133). Defendant’s contention that the prosecution was required to include in its pleading an additional allegation that the officers’ conduct in serving the summons was “authorized” is an “unacceptably hypertechnical interpretation of the pleading requirements.” (People v Barrett, supra, 179 Misc 2d, at 262; see also, People v Lane, 190 AD2d 604, lv denied 81 NY2d 1015; cf., Matter of Anthony B., 201 AD2d 725.)
Parness, P. J., and Freedman, J., concur.