OPINION OF THE COURT
Robert G. Bogle, J.
The case at bar presents an issue apparently of first impression concerning the sufficiency of an accusatory instrument. Specifically, may an information be dismissed where cross-outs and corrections have occurred in a significant part of the accusatory instrument. This motion of the defendant, Theodore J. Wienclaw, is determined as hereinafter provided.
The defendant is charged with parking his motor vehicle at an expired meter, a violation of section 93-59B of the Code of the Incorporated Village of Valley Stream. The violation is alleged to have occurred on East Lincoln Avenue, Village of Valley Stream, New York, at parking meter number 179. The defendant moves to dismiss the accusatory instrument based upon the ground that the information was insufficient and defective on its face, under CPL 170.30 (1) (a) and 170.35 (1) (a).
Procedural Background
As a preliminary matter, the court notes this action is in conformity with the Criminal Procedure Law, due to the fact *729 the CPL has been held applicable to traffic infractions (see, Vehicle and Traffic Law § 155; People v Amitrano, 59 Misc 2d 471 [Suffolk Dist Ct 1969]) as well as local municipal ordinances (People v Hacker, 76 Misc 2d 610 [Suffolk Dist Ct 1973]). Therefore all criminal statutory presumptions of the local ordinance are required to be adhered to and considered valid. (People v Chen Ye, 179 Misc 2d 592 [Crim Ct, NY County 1999].)
The court has generously granted a time frame for any party that chose to submit briefs or affidavits. Since there is no timetable for filing and return of papers in the CPL, the court has taken the unprecedented step of relying on the Civil Practice Law and Rules for guidance. It has been held that under certain circumstances, where the CPL does not provide a standard by which to measure compliance with a rule, it is reasonable to refer to the CPLR (People v Duquette, 152 Misc 2d 239 [St. Lawrence County Ct 1991]). In Duquette, the court relied on the provisions of the CPLR for the timely service of notices of appeal. In another case, a court relied on the provisions of CPLR for service of a notification of request to appear before a Grand Jury. (People v Fulton, 162 Misc 2d 360 [Sup Ct, Monroe County 1994].) Therefore, although the court is not aware of any reported cases as to the use of the CPLR to determine the filing of opposing or supporting papers, in general motion practice, this court should follow the time frame under CPLR 2214 and should deem all papers to have been timely filed in accord with that rule.
Sufficiency of Information
Defendant contends the parking violation is defective due to the “cross-out” of one of the letters of the defendant’s license plate number. The plate number is listed in the boxes on the court information as 2-3-5-4-(crossed-out N)-L-N. Based upon this error, the defendant argues the case should be dismissed.
Initially, the defendant defines the parking violation to be an appearance ticket under CPL article 150. If this court were to interpret the parking violation as an appearance ticket, then the case could be dismissed for failure to file an accusatory instrument. (People v Gilberg, 166 Misc 2d 772 [App Term, 2d Dept 1995], lv denied 87 NY2d 973 [1996].) An appearance ticket is a mere invitation to go to court and does not provide the court with jurisdiction. (People v Ashkinadze, 167 Misc 2d 80 [Crim Ct, Kings County 1995].) Such failure to file an accusatory instrument would have resulted in a lack of jurisdic *730 tion in the local court and the action would therefore be dismissed. (Matter of Shirley v Schulman, 78 NY2d 915 [1991].) However, in the case at bar, the parking ticket is, indeed, an accusatory instrument.
Mere labeling of an accusatory instrument, even if inaccurately, does not in and of itself result in a dismissal. (People v Causeway Constr. Co., 164 Misc 2d 393 [Crim Ct, Bronx County 1995], revd 169 Misc 2d 70 [App Term, 1st Dept 1996].) It is a common mistake for law enforcement to misname legal process, such as referring to an appearance ticket erroneously “as a summons.” (People v Jarmain, 93 Misc 2d 950 [Crim Ct, NY County 1978].) However, in the case at bar the accusatory instrument is referred to as a “violation information” and not as an appearance ticket for improper parking. Thus the validity of the information is not governed by CPL article 150 but instead is governed under CPL articles 100 and 170. It is under these latter sections that the court must determine the legal sufficiency of the parking “violation information.”
As a general rule, an infraction must conform with the requirements of CPL 100.15, to wit: the complainant must subscribe and verify his signature, based upon personal knowledge or upon information and belief. The accusatory part must designate the offenses and the factual part must allege facts of an evidentiary nature (CPL 100.15 [1], [2], [3]; People v Dumas, 68 NY2d 729 [1986]). As a secondary and equally important requirement, the information must contain allegations of fact that provide reasonable cause to believe the defendant committed the offense charged and that the charges are supported by nonhearsay allegations that establish each element. (CPL 100.40 [1] [b], [c]; People v Hall, 48 NY2d 927 [1979]; People v Cea, 141 Misc 2d 234 [Crim Ct, NY County 1988].) The burden of proof need only be a prima facie case, and need not be “beyond a reasonable doubt” (People v Henderson, 92 NY2d 677 [1999]). The allegations must not be conclusory. (People v Hoffman, 180 Misc 2d 382 [App Term, 2d Dept 1999].) Failure to comply with any of the above requirements is considered a jurisdictional defect, and therefore the information should be dismissed as defective on its face. (People v Alejandro, 70 NY2d 133 [1987].)
A parking violation does not necessitate a supporting deposition. (People v Crist Trucking, 113 Misc 2d 136 [Mt. Vernon City Ct 1980].) However, if a parking violation is to be filed as a valid information it must meet the guidelines of the CPL or it will not be considered a valid accusatory instrument. (People v Weinberg, 146 Misc 2d 441 [App Term, 2d Dept 1990].)
*731 The Appellate Term recently set forth certain standards for a parking violation information to be in conformity with CPL 100.15 and 100.40. In People v Gabbay (175 Misc 2d 421, 422 [App Term, 2d Dept 1997], lv denied 92 NY2d 879 [1998]), the Appellate Term held that a parking violation was an insufficient accusatory instrument which did not allege facts in a nonhearsay form, holding the tickets should have indicated whether the complainant’s information “was based on personal knowledge or information and belief.” In addition, the Appellate Term also noted that verification was incomplete under CPL 100.30 and should not have read “ ‘[a]ffirmed under the penalty of peijury’ ” (at 423) and should instead have read that “ ‘false statements made therein are punishable as a class A misdemeanor pursuant to [Penal Law § 210.45]’ ” (at 422-423). Lastly, the court held that it is the preferred practice to impose the requirements of Vehicle and Traffic Law § 238 (2) upon a parking violation. While an examination of Vehicle and Traffic Law § 238 (2) appears to limit the requirements to the Parking Violations Bureau, an administrative tribunal, the Appellate Term noted such requirements are equally appropriate to those violations returnable in traditional courts as well. Therefore, although not absolutely mandatory, it is clear the requirements of Vehicle and Traffic Law § 238 (2) should be included as the better practice. The requirements of Vehicle and Traffic Law § 238 (2) are that all parking violations include (1) plate description, (2) plate type (passenger or commercial), (3) registration expiration date, (4) make or model, and (5) body type.
In applying Gabbay (supra) to the case at bar, this court notes the village parking violation form contains all five items required under Vehicle and Traffic Law § 238 (2), and also adds the requirement of motor vehicle inspection expiration date. The parking violation is set forth in nonhearsay form, indicating the complainant officer “personally observed the above violation.” (People v Spiegel, 181 Misc 2d 48 [Crim Ct, NY County 1999].) A series of boxes is on the information listing the type of offense and the code sections of the violations. The complainant officer may check off the appropriate box. This “Check-off Box” approach to criminal procedure has previously been approved by the Court of Appeals. (People v Hohmeyer, 70 NY2d 41 [1987].) Verification of the parking information “has been made and subject to punishment as a class ‘A’ misdemeanor,” and such verification was made properly by the code enforcement officer, under CPL 100.30 *732 (People v Holmes, 93 NY2d 889 [1999]). The ticket lists the court and the appropriate caption, “People of the State of New York vs. owner or operator of the vehicle described below” under CPL 100.15 (1), and there is no requirement to list defendant at the time of issuance of the ticket, as he is unknown and a presumption exists that it was the owner of the motor vehicle. (People v Castillo, 160 Misc 2d 876 [Port Jervis City Ct 1994].)
Therefore, the court is satisfied that the parking violation form is a sufficient information under CPL 100.15 and 100.40, as well as in satisfaction of the Appellate Term decision in Gabbay (supra). We now turn to the next question, specifically, does a “crossed-out” and corrected license plate number notation render the information defective on its face?
Following a review of case law, no court decision has been found setting forth a standard to be followed under accusatory instruments that have been “marked up and corrected” in their initial form. Several courts have allowed amendments of curable defects when the accusatory instrument does not expressly comply with CPL 100.40 (People v Pacifico, 105 Misc 2d 396 [Crim Ct, Queens County 1980]). Courts have permitted amendments where the statutory reference and title of case were incorrect so long as no prosecution theory was changed and the defendant was not prejudiced on the merits. (People v Pena, 146 Misc 2d 767 [Crim Ct, NY County 1990].) In a case similar to the one at bar, a Trial Judge denied dismissal and granted permission to amend a traffic infraction where there was a typographical error in one digit of a license plate number, but the facts in the information were sufficient to sustain the charge. (People v Kreismann, 162 Misc 2d 726 [Kensington Just Ct, Nassau County 1994].) Since the Judges in the above cases denied dismissal and granted permission to amend the information, an ever stronger argument exists against dismissal in the case at bar, where no need exists to amend the information, as it has been appropriately corrected before filing and its current accuracy is not in dispute.
The key to any proper information is that it will satisfy the trial court that the proof of facts alleged will establish the offense charged and that the defendant, in the interest of due process, will be provided with adequate notice of the nature of the charges against him. (People v Flushing Hosp. & Med. Ctr., 122 Misc 2d 260 [Crim Ct, Queens County 1983].) Here, it is clear the information provides the defendant with notice of the charges and with the correct description and make/body type of *733 his automobile. Even considering the “cross-out,” the code enforcement officer has provided the correct license plate of the defendant. He is therefore fully aware of the charges against him and the court is satisfied that the elements set forth meet the due process requirements mandated by both the Federal and New York Constitutions.
Accordingly, the motion of the defendant is denied.