OPINION OF THE COURT
Joseph C. Calabrese, J.
This decision holds for the first time that a New York State court has jurisdiction over an alleged violation of an order of protection where such protective order was issued by a court of this state and served on a defendant in a foreign state by means of a facsimile (fax) copy of that order.
Defendant, Evelyn Perez, is charged with criminal contempt in the first degree (E felony) under Penal Law § 215.51 (b) (ii) and stalking in the third degree (A misdemeanor) under Penal Law § 120.50 (3). These crimes are alleged to have occurred on or about February 18, 2001 in Nassau County, State of New York.
Pursuant to a stipulation in lieu of motions entered into by the parties on May 16, 2001 and “Approved and So Ordered” by this court on that date, the Grand Jury minutes underlying the instant indictment were reviewed by this court.
Those minutes indicate that complainant herein is the girlfriend of defendant’s ex-boyfriend.
On February 6, 2001, the District Court of Suffolk County, State of New York, issued an order of protection against defendant and in favor of complainant. Defendant was not present in court on the date of issuance and was apparently not otherwise served with a copy of that order in the State of New York.
On February 9, 2001, complainant and her boyfriend went skiing in the Town of Brandon, State of Vermont. On February 10, complainant contacted and then met with Brandon Police Department Corporal James Bixby concerning defendant whom she had seen in Brandon. After speaking with complainant, Corporal Bixby stopped defendant’s car and gave her a fax copy of the Suffolk County District Court’s order of protection. Defendant signed a receipt for the order of protection and acknowledged receiving such in her testimony before the Grand Jury.
The Grand Jury testimony further indicates that on Sunday, February 18, 2001, at approximately 11:40 a.m. complainant left home in Port Jefferson Station, Suffolk County, New York, *518 to travel to Hicksville, Nassau County, New York, to meet a friend for lunch. Shortly after departing and while at the intersection of Route 347 and Nichols Road in Port Jefferson, complainant observed a mud-covered Suzuki Samurai behind her car. Complainant drove approximately four or five miles south on Nichols Road and then got onto the Long Island Expressway (LIE) in a westerly direction. While entering the LIE, complainant again saw the same muddy Suzuki following her at the distance of one car’s length, at which time she recognized defendant as the Suzuki’s driver. Complainant continued traveling westbound on the LIE, switching traffic lanes several times, with defendant aping each lane change.
When complainant reached Hicksville, Nassau County, she exited onto Route 107 in a southerly direction with defendant continuing to follow her at a distance of approximately one car length. Complainant then stopped at a gas station on Route 107 and defendant passed by continuing south.
Defendant then turned around and now driving in a northerly direction on Route 107 repassed complainant who was parked in the gas station. Shortly thereafter, the defendant again drove by the gas station for a third time. Each time the complainant was close enough to see and identify the defendant as the driver.
Complainant testified that these events made her fear for her safety.
In a memorandum decision and order dated June 5, 2001, this court released a copy of the Grand Jury minutes, including the legal instructions, to defense counsel and directed that both he and the District Attorney submit memoranda of law as to whether the service of the order of protection upon defendant in the State of Vermont was sufficient to confer jurisdiction on the Nassau County Court.
Criminal contempt in the first degree includes as an element that the contemptuous conduct was “in violation of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued” (Penal Law § 215.51 [b] [emphasis added]).
It is essentially undisputed that the defendant was given a fax copy of the Suffolk County order of protection by Corporal Bixby in Brandon, Vermont, on February 10th; that she acknowledged receipt of that court order by signing a copy and that she had actual notice of the order as of that date (People v *519 Clark, 95 NY2d 773). The issue is, therefore, whether said service satisfies the “duly served” requirement sufficient to confer jurisdiction on this court for a violation occurring in Nassau County, New York, after that date.
Jurisdiction is established in a court following the filing of a sufficient accusatory instrument (People v Casey, 95 NY2d 354). Here, it is undisputed that the Suffolk County District Court had jurisdiction to issue the order of protection in issue. Once “duly served” an individual violating that order may be prosecuted for criminal contempt, with jurisdiction vesting within any of the 62 counties of this state, based upon the geographic location in which such violation is committed (People v Halper, 209 AD2d 637; see, CPL 530.13; People v Hayden, 128 AD2d 726).
New York State has long recognized orders of protection issued by other jurisdictions (Penal Law § 215.51 [b]; CPL 530.11 [5]). In People v Hadley (172 Misc 2d 697), the court held that a person who engaged in conduct in New York which violated an order of protection issued by a New Jersey court may be prosecuted in New York for criminal contempt if sufficient notice and service of process was provided to the violator.
Additionally, pursuant to 18 USC §§ 2265 and 2266, orders of protection must be honored and enforced by state courts.
Defendant argues that fax service outside of New York State does not satisfy the “duly served” mandate of Penal Law § 215.51 (b) requisite to the Nassau County Court’s obtaining jurisdiction over a person violating such protective order. The court disagrees.
Since the Criminal Procedure Law does not set forth any specific procedure for serving an order of protection outside of New York State, the general service provisions of the Civil Practice Law and Rules control (People v Duquette, 152 Misc 2d 239; People v Fulton, 162 Misc 2d 360; People v Wienclaw, 183 Misc 2d 727).
Pursuant to CPLR 313, service may be made outside the state by a person authorized to make service within the particular foreign state. No argument is raised by either party that Corporal James Bixby of Vermont’s Brandon Police Department is not such a duly authorized individual.
The court finds that the order of protection was “duly served” in Vermont pursuant to CPLR 313; that defendant had notice of the order; and that, accordingly, the Nassau County Court has jurisdiction over a violation occurring in the County after such service and notice occurred.
*520 As a second aspect of this inquiry, the court requested legal memoranda covering the issue of whether defendant’s acts amounted to “engaging in a course of conduct” as defined in Penal Law § 120.50 (3) (stalking in the third degree) and Penal Law § 215.51 (b) (ii) (contempt in the first degree) and/or whether defendant’s actions amounted to “repeatedly following such person” or “repeatedly committing acts over a period of time” as defined in Penal Law § 215.51 (b) (ii) (contempt in the first degree).
There is no statutory requirement that a “course of conduct” be of any particular type or duration (see, People v Payton, 161 Misc 2d 170). In this regard, Penal Law § 5.00 provides that the provisions of the Penal Law are not to be strictly construed but rather must be construed according to the fair import of their terms in order to promote justice and effect the objects of the law (People v Hasenflue, 169 Misc 2d 766). Thus, the crimes alleged herein can be sustained if there is prima facie proof of a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose (People v Tralli, 88 Misc 2d 117; People v Murray, 167 Misc 2d 857 [a defendant’s conduct which lasted only eight minutes satisfied the requirements of course of conduct and continuity of purpose]).
In the instant case, defendant’s alleged conduct included following complainant through various roads from Suffolk County, New York, into Nassau County, New York, and once in Nassau County continuing to follow complainant’s car and passing it three times after she had stopped the car in the gas station. The totality of defendant’s behavior in Nassau County establishes, prima facie, that she “engaged” in the requisite “course of conduct” with a continuity of purpose (People v Payton, supra) and that these events placed complainant in a state of fear. Also noted is that these events establish, prima facie, the “repeatedly” requirement of Penal Law § 215.01 (b) (ii) (contempt in the first degree).
The evidence before the Grand Jury was legally sufficient to support each of the crimes charged in the indictment (CPL 210.30); its proceedings were not otherwise defective; proper legal advice and adequate instructions were given by the District Attorney (CPL 210.35 [5]; 190.25 [6]); and the indictment conforms to the requirements of CPL 200.50.
Accordingly, defendant’s application to dismiss or reduce the charges alleged in the indictment is, in all respects, denied.