OPINION OF THE COURT
John M. Hunt, J.
I
By petition filed on January 13, 2016 Kristina P. has moved for an order vacating the filing and registration of an order of protection issued by the Circuit Court of the State of Florida in 2014. While the relevant New York statute, Family Court Act § 154-e, authorizes the filing and registration of out-of-state orders of protection, the statute is silent as to whether the family court has authority to vacate a previously filed and registered order.
On August 29, 2014 a judge of the Circuit Court of the State of Florida for Seminole County, issued a “Final Judgment of Injunction for Protection Against Domestic Violence with Minor Children After Notice” in a proceeding entitled Kristina P. v Wilfredo M. The Florida Circuit Court’s order recites that both adult parties appeared in the proceeding and that the order of protection, which contains specific terms and conditions, was issued after a hearing before that court.
On October 16, 2014 Kristina P. appeared at the Family Court, Queens County, requesting that the Family Court Clerk file a copy of the Florida order of protection issued on August 29, 2014. In support of that request, Ms. P. presented a certified copy of the Florida order to the Clerk of the Family Court along with an affidavit setting forth information concerning the judicial proceeding in Florida, and stating that “this order is valid as written at the present time, and has not been modified or vacated by any court.” Ms. P. therefore requested “that the annexed [Florida] order be entered without fee into the New York State Registry of Orders of Protection.”
The Clerk of the Family Court filed petitioner’s Florida protection order by assigning it a family court docket number,[1] and the Clerk issued a document entitled “Certification of Out- *928 of-State Order of Protection” to the petitioner stating that the Clerk compared the copy of the Florida order of protection with a certified copy of that order and that the copy “is a true transcript thereof, and of the whole of such copy therein filed.”
For reasons which are not readily apparent, in addition to filing the Florida order of protection, the Family Court Clerk took the additional action of preparing a New York State Family Court order of protection on an official court form (see Family Ct Act §§ 214 [Chief Administrative Judge to prescribe court forms], 814-a [Chief Administrative Judge to promulgate forms for orders of protection]; 22 NYCRR 205.7 [a] [designating official forms for the Family Court]), and then transmitted information concerning this putative New York order of protection to a statewide central registry for orders of protection.
The New York order of protection created by the Clerk was assigned “ORI Number” NY040023J, and order No. 2014-014604.[2] The New York order was also assigned a family court “file number” and assigned a Queens County Family Court docket number. That order states that it was “issued” by a court attorney-referee of the family court on “August 29, 2014,” that date upon which the Florida Circuit Court issued its order of protection, and the New York order incorporates most of the terms and conditions contained in the Florida order. In addition, the New York order states that “both parties [were] present in court” and it inexplicably provides that the order of protection expires on “August 29, 2114,” a date 100 years after the date that the Florida order of protection was issued.[3]
After preparing the New York order of protection, the Clerk then completed a document entitled “Family Protection Registry Information Sheet” which contains the Queens County Family Court ORI number and the Queens County Family Court docket number and file number. The information sheet *929 also states that the Queens County order of protection was issued on “August 29, 2014,” and it contains pedigree information concerning both parties. Apparently, the family protection registry information sheet was transmitted to the State Police on or about October 16, 2014 according to the “Domestic Violence Registry Information Order Recap-[ituation]” prepared by the Clerk’s office.
In support of her request to vacate the filing and registration of the Florida order of protection, the petitioner states, in pertinent part, that
“I would like the order of protection dissolved. I do not deem it necessary any longer because I feel the respondent has sought help and guidance from his family and himself to make changes in his life . . . I feel that dissolving the order of protection would be in the best interest of the children and for both the respondent and I so that we may be able to interact and co-parent in a civil manner.”
To further support her request, petitioner presented this court with an order issued by a judge of the Circuit Court of the State of Florida, Seminole County, on May 20, 2015. That order contains the same case number stated on the August 29, 2014 Florida order of protection and it states that petitioner appeared before the Circuit Court on May 20, 2015 and she “voluntarily dismissed] this action.”
While this court had concerns about the procedures followed in filing and registering the Florida order of protection, petitioner’s request to vacate the filing and registration was granted, given that the underlying Florida order of protection had been vacated by the issuing court on May 20, 2015.
II
By virtue of the Full Faith and Credit Clause (US Const, art IV, § 1; see Baker v General Motors Corp., 522 US 222, 233 [1998]; see also O’Connell v Corcoran, 1 NY3d 179, 184 [2003]; Boudreaux v State of La., Dept. of Transp., 49 AD3d 238, 240-241 [2008]), “each State [must] recognize and give effect to valid judgments rendered by the courts of its sister States” (V.L. v E.L., 577 US —, —, 136 S Ct 1017, 1020 [Mar. 7, 2016]).
Congress enacted 18 USC § 2265 in 1994 (Violent Crime Control and Law Enforcement Act of 1994, Pub L 103-322, tit IV, subtit B, ch 2, § 40221 [a], 108 US Stat 1796), and the provisions of that law are binding upon each state (see Crosby v *930 National Foreign Trade Council, 530 US 363, 373 [2000]; Haywood v Drown, 9 NY3d 481, 486 [2007]; Matter of Rose v Moody, 83 NY2d 65, 71-72 [1993]). The statute, which is part of the Violence Against Women Act, provides that orders of protection issued by a court of any state or United States territory or an Indian tribal court
“shall be accorded full faith and credit by the court of another State, Indian tribe, or territory . . . and enforced by the court and law enforcement personnel of the other State, Indian tribal government or [t]erritory as if it were the order of the enforcing State or tribe [or territory]” (18 USC § 2265 [a]).[4]
In enacting 18 USC § 2265, Congress sought to address concerns relating to the interstate enforcement of orders of protection by aiding victims of domestic violence who already possess orders of protection “by requiring a victim’s new home state to grant full faith and credit to a valid [protection order] issued by a court in the former home state” (Jessica Miles, We Are Never Ever Getting Back Together: Domestic Violence Victims, Defendants, and Due Process, 35 Cardozo L Rev 141, 154 [2013]; see also Emily J. Sack, Domestic Violence Across State Lines: The Full Faith and Credit Clause, Congressional Power, and Interstate Enforcement of Protection Orders, 98 NW U L Rev 827, 839 [2004]). 18 USC § 2265 is thus intended to “provide [ ] for nation wide enforcement of protection orders in state and tribal courts” (State v Esquivel, 132 Wash App 316, 321, 132 P3d 751, 754 [2006]), and the courts of one state must give full faith and credit “to abuse protection orders entered by courts of other jurisdictions” (Commonwealth v Shea, 467 Mass 788, 791, 7 NE3d 1028, 1031 [2014]; see also Fox v Fox, 197 Vt 466, 472, 106 A3d 919, 923 [2014], cert denied 574 US —, 135 S Ct 952 [2015]; Esquivel, 132 Wash App at 321, 132 P3d at 754).
*931 A
In 1998 New York enacted various provisions to effectuate the full faith and credit mandate of 18 USC § 2265 by providing for the civil and criminal enforcement of out-of-state orders of protection (see Governor’s Approval Mem, Bill Jacket, L 1998, ch 597 at 4, 1998 McKinney’s Session Laws of NY at 1483; Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 154-e at 116 [2008 ed]; Matter of Daniel W. v Kimberly W., 135 AD3d 1000, 1002 [2016]).
First, the legislature amended the Penal Law to provide that a conviction for the crimes of criminal contempt in the first degree (Penal Law § 215.51 [b]) or aggravated criminal contempt (Penal Law § 215.52 [1]) could be predicated upon a violation of “an order of protection issued by a court of competent jurisdiction in another state, territorial or tribal jurisdiction” (L 1998, ch 597, §§ 15, 16; see e.g. People v Hadley, 172 Misc 2d 697 [1997]; People v Perez, 189 Misc 2d 516 [2001]).
Additionally, the legislation provides for a non-criminal enforcement mechanism by creating a procedure that authorizes the filing of out-of-state orders of protection with the clerks of the supreme court and family court and with the clerks of courts exercising criminal jurisdiction (Domestic Relations Law §§ 240 [3-c]; 252 [7]; Family Ct Act § 154-e; CPL 530.11 [5]). Once filed with the appropriate court clerk, the out-of-state order of protection is to be transmitted by the clerk to the New York State Police for registration on the New York statewide computerized registry of orders of protection and warrants (Executive Law § 221-a; see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 672 [2015] [orders of protection are maintained in a police computer database]).[5]
The process of filing and registration of out-of-state protection orders is effected in accordance with essentially identical statutes, Family Court Act § 154-e, Domestic Relations Law § 240 (3-c) and Criminal Procedure Law § 530.11 (5). Insofar as relevant to the proceedings pending before this court, Family Court Act § 154-e (2) provides that
“an order of protection or temporary order of protection issued by a court of competent jurisdiction in *932 another state, territorial or tribal jurisdiction, accompanied by a sworn affidavit that upon information and belief such order is in effect as written and has not been vacated or modified, may be filed without fee with the clerk of the family court, who shall transmit information regarding such order to the statewide registry of orders of protection and warrants established pursuant to section two hundred twenty-one-a of the executive law; provided, however, that such filing and registry entry shall not be required for enforcement of the order.”
Executive Law § 221-a, which is the statute governing the statewide registry of orders of protection and warrants, was also amended in 1998 to accommodate the registration of out-of-state orders which are filed with a court clerk. That section states, in pertinent part, that
“1. The superintendent, in consultation with the division of criminal justice services, office of court administration, and the office for the prevention of domestic violence, shall develop a comprehensive plan for the establishment and maintenance of a statewide computerized registry of all orders of protection issued pursuant to [New York law] and orders of protection issued by courts of competent jurisdiction in another state, territorial or tribal jurisdiction . . .
“2. . . . Except for orders of protection issued by courts of competent jurisdiction in another state, territorial or tribal jurisdiction, only those standardized forms prescribed herein and pursuant to section [814-a] of the family court act, subdivision three of section [240] of the domestic relations law, and subdivision twelve of section 530.12 and subdivision one of section 530.13 of the criminal procedure law shall be utilized in cases resulting in orders which must be entered into the statewide computerized registry.
“3. . . . Notwithstanding the provisions of article fifty-four of the civil practice law and rules, a person entitled to protection under an order of protection issued by a court of competent jurisdiction in another state, territorial or tribal jurisdiction, may file such order without fee with the clerk of a court in this state having jurisdiction over family, criminal or matrimonial proceedings; . . . such *933 order shall he transmitted to the statewide computerized registry in accordance with this section” (emphasis added).
B
In this instance, the petitioner filed the Florida order of protection with the Family Court Clerk, and the Clerk formally filed the Florida order with the Family Court by assigning identifying numbers, including a Family Court docket number, and “ORI” number and an order number. However, instead of transmitting the Florida order of protection to the State Police for inclusion on the statewide computerized registry of orders of protection and warrants as directed by Executive Law § 221-a, the Clerk unnecessarily proceeded to create a proxy New York order of protection by copying the terms and conditions of the Florida order of protection onto an approved New York order of protection court form. Moreover, while the Florida order of protection contained no expiration date, the New York order was assigned an expiration date in “2114.”
The assigned Family Court docket number, “ORI” number and order number were affixed to that proxy order which was issued in the name of a court attorney-referee, a quasi-judicial court official who, except in limited circumstances, is not authorized to issue final orders of protection (Judiciary Law §212 [2] [n]; see Assembly Mem in Support, Bill Jacket, L 2010, ch 363 at 5, 2010 McKinney’s Session Laws of NY at 1936; Mem of Off of Ct Admin, Bill Jacket, L 2010, ch 363 at 13, 2010 McKinney’s Session Laws of NY at 2143). Thereafter, it appears that the “Family Protection Registry Information Sheet” containing information about the New York proxy order was transmitted to the statewide registry, rather than the actual Florida order of protection.
New York enacted the filing and registration process in order to facilitate the mandate of 18 USC § 2265. The process is designed to be relatively uncomplicated (see Breger, Kennedy, Zuccardy & Elkins, 2 New York Law of Domestic Violence 6:3 at 341), and it does not require the creation of a proxy New York order of protection. Once the out-of-state order has been filed by the court clerk, the clerk should “transmit information regarding such order to the statewide registry of orders of protection and warrants” (Family Ct Act § 154-e [2]), by transmitting the actual out-of-state order of protection to the statewide registry (Executive Law § 221-a [3]).
*934 It is a matter for the Division of State Police to decide how to incorporate the out-of-state order of protection or information concerning such order into the statewide registry of orders of protection and warrants. In the absence of a specific statutory directive, the clerks of busy trial courts should not be burdened with creating proxy New York orders of protection on an official New York court form where statute clearly provides that the out-of-state order may be entered into the statewide computerized registry (Executive Law § 221-a [2]).
The Family Court Act provides no procedures for vacating the filing of an out-of-state protection order. However, circumstances may arise which make it appropriate for a court to vacate a prior filing, such as where the order of protection is vacated by the court in the issuing jurisdiction, as is the case here. Similarly, while the Executive Law provides no specific procedure for a court to notify the State Police that the filing of an out-of-state order of protection has been vacated, the statute does direct that the Superintendent “establish procedures for the prompt removal of orders of protection . . . upon their expiration” (Executive Law § 221-a [6]).
Here, the Florida order of protection has effectively “expired” based upon the termination of the underlying proceeding in the Florida Circuit Court. While this court can do no more than direct that the filing of the Florida order of protection be vacated by the Clerk, a copy of this order as well as a copy of the Florida Circuit Court’s order dismissing the underlying domestic violence case should be forwarded to the statewide register of orders of protection for such action as the Superintendent of State Police deems appropriate.

. While the statute directs that standardized forms be utilized for orders which are to be entered into the statewide computerized registry (Executive Law § 221-a [2]; see Family Ct Act § 814-a [uniform forms for orders of protec *928 tion]), that provision applies only to orders of protection issued by New York courts. Where registration is required for a protection order issued by a court of competent jurisdiction in another state, territorial or tribal jurisdiction, use of the standardized forms is not mandatory (Executive Law § 221-a [2]). Under such circumstances, the statewide registry must register the out-of-state protection order as issued by the out-of-state court.

. An “ORI” “is a nine-character alphanumeric code assigned to criminal justice, law enforcement and non-criminal justice agencies” by the National Crime Information Center (9 NYCRR 486.2 |j] [regulations of NY State Police]).

. Under article 8 of the Family Court Act, the maximum duration of an order of protection is five years, and then only where a court determines that “aggravating circumstances” exist (Family Ct Act § 842).

. For purposes of 18 USC § 2265, a “protection order” includes “any injunction, restraining order, or any other order issued by a civil or criminal court for the purpose of preventing violent or threatening acts or harassment against, sexual violence, or contact or communication with or physical proximity to, another person, including any temporary or final order issued by a civil or criminal court whether obtained by filing an independent action or as a pendente lite order in another proceeding so long as any civil or criminal order was issued in response to a complaint, petition, or motion filed by or on behalf of a person seeking protection” (18 USC § 2266 [5] [A]).

. Notably, the filing and registration of an out-of-state order of protection is not a prerequisite to civil or criminal enforcement of the order in a New York court (see Senate Mem in Support, Bill Jacket, L 1998, ch 597 at 5, 1998 McKinney’s Session Laws of NY at 1987; Breger, Kennedy, Zuccardy & Elkins, 2 New York Law of Domestic Violence § 6:3 [3d ed 2013]).