People v Muller (2024 NY Slip Op 51425(U))

[*1]

People v Muller (Victoria)

2024 NY Slip Op 51425(U)

Decided on October 18, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570071/20

The People of the State of New York, Respondent,
against
Victoria Muller, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey M. Zimmerman, J.), rendered January 13, 2020, after a jury trial, convicting her of obstructing governmental administration in the second degree and resisting arrest, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered January 13, 2020, affirmed.
The information charging obstructing governmental administration in the second degree (see Penal Law § 195.05), was not jurisdictionally defective. Nonhearsay allegations established every element of the offense and defendant's commission thereof (see CPL 100.40[1][c]; People v Middleton, 35 NY3d 952, 954 [2020]). The instrument recited that inside 265 East 161st Street, Bronx County, at 10:20 a.m., the deponent court officer, while conducting security scans by the magnetometers, "instructed defendant numerous times to remove her hat so she could put it through the machine, which defendant repeatedly refused to do"; and that when instructed "to step to the side or she would have to leave," defendant "again refused to follow" the officer's instructions. These allegations and the reasonable inferences to be drawn from them were sufficient for pleading purposes to establish that defendant physically interfered with and disrupted the official function performed by the court officers (see Penal Law § 195.05).
Contrary to defendant's present claims, the allegations that she repeatedly refused to remove her hat and put it through the magnetometer, and then refused to step aside or leave, satisfied the requirement that the interference must be "in part at least, physical in nature" (People v Dumay, 23 NY3d 518, 524 [2014], quoting People v Case, 42 NY2d 98, 102 [1977]; see People v Romeo, 9 AD3d 744, 745 [2004][interference sufficient to establish the crime of obstructing governmental administration in the second degree includes inappropriate and disruptive conduct at the scene of the performance of an official function]; People v Barrett, 179 Misc 2d 261 [1998] [refusal to move through the magnetometer impeding others from entering [*2]the courthouse constituted second-degree obstruction of governmental administration]). Nor was the accusatory instrument rendered infirm by the absence of an additional allegation that the underlying magnetometer duties performed by the court officer were "authorized" (see People v Pappalardo, 180 Misc 2d 707 [App Term, 1st Dept 1999]; People v Contino, 26 Misc 3d 141[A], 2010 NY Slip Op 50343[U] [App Term, 1st Dept 2010], lv denied 15 NY3d 803 [2010]).
Since defendant's arrest for second degree obstructing governmental administration was authorized, her struggle to avoid being handcuffed constituted resisting arrest (see Matter of Miguel R., 74 AD3d 548 [2010]).
The court properly denied defendant's application pursuant to Batson v Kentucky, 476 US 79, 93—96 (1986). As defendant concedes, the People provided race neutral reasons for their challenges, and record supports the court's finding that the nondiscriminatory reasons provided by the People for the challenges in question were not pretextual, including that one panelist arrived "a number of minutes late" (see People v Duncan, 177 AD2d 187, 193 [1992], lv denied 79 NY2d 1048 [1992]), and another was flippant on voir dire (see People v Cruz, 228 AD3d 1019 [2024]; see also United States v Biaggi, 853 F 2d 89, 96 [2d Cir 1988], cert den 489 US 1052 [1989]). Given the great deference afforded the fact-finding court due to its ability to assess the credibility of the attorney and the demeanor of the panelists, we find no basis to conclude the court erred in this determination (see People v Wright, — NY3d &mdash, 2024 NY Slip Op 03320 [2024]; People v Hecker, 15 NY3d 625, 663-665 [2010]; People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: October 18, 2024